————o————

THOMAS SMITH, ADM'R, Respondent, *vs.* WILLIAM MONKS, Appellant.

1. *Appeals from justice—Irregularity of proceedings—When too late to object to.*—When a party appears voluntarily in a cause and goes to trial, waives a jury, and submits the cause to the court for hearing, it is afterwards too late for him to object for the first time to the regularity of the previous proceedings.

2. *Administrators, suit by—Descriptio personæ.*—Where a note was given to an administrator in his representative capacity merely as a description, suit may be properly brought by him in his individual capacity.

3. *Justice of the peace—Statement—Consideration.*—A statement filed with a justice need not specifically set forth the consideration upon which a note sued on is founded.

*Appeal from Webster Circuit Court.*

*Waddell, Monks and Flanagan,* for Appellant.

*Ewing & Smith, and Bray & Mitchell, and Pope & Miller,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This case purports to have been brought before a justice of the peace of Howell county, and from there appealed to the Circuit Court of said county; from which court the cause was removed by change of venue to the Circuit Court of Ozark county, and from which last named court the venue was again changed and the case removed to the Circuit Court of Webster county, where the cause was tried and a judgment rendered in favor of the plaintiff; from which the defendant has appealed to this court. The cause was tried by the court, a jury having been waived by the parties. No instructions or declarations of law were asked by either party, or given by the court, and although the record is quite long and as irregular as it is possible to make one, yet not a single exception of law was made or saved by either party in the whole record, other than the exceptions taking to the overruling of the defendant's motions for a new trial and in arrest of the judgment.

The grounds set forth in these motions, for the interference of the court, were, first, that the several changes of venue were improperly taken; second, that the suit was brought on an instrument given to plaintiff as administrator, while the suit was brought by him in his individual capacity; third, that the instrument, upon which the suit was brought, did not purport to have been given for a valuable consideration; fourth, the record was not properly certified to the court trying the cause so as to give the court jurisdiction of the case. It is insisted by the defendant, that the court trying the cause had no jurisdiction of the case; that there is nothing in the record showing that an appeal was properly taken from the judgment of the justice, and that there was no properly certified

transcript of the proceedings in the Circuit Court, or in the different courts, to show that the cause was properly transferred from court to court by change of venue. It is true, that the record fails to show the judgment before the justice, and the appeal from the justice's judgment to the Circuit Court; and it is also true, that the two changes of venue taken in the cause were not very regularly taken, and it is not shown that the proceedings in one court were properly certified from such court to the other. But the answer to all this is, that the defendant appeared in the different courts making no objection to the proceedings already had, and in the Webster Circuit Court the defendant appeared voluntarily, made an agreement to go to trial, and allowed a copy of the instrument sued on (and which had not been sent to said court with the papers) to be read in evidence on the trial, and then went to trial by agreement, and waived a trial by jury, submitting the case to the court for hearing. After this it was too late to object for the first time to the regularity of the previous proceedings. The suit was properly brought in the name of the plaintiff in his individual capacity ; he was only called administrator as a description of his person, and to show what costs, or expenses, were intended by the instrument sued on.

It is next complained, that the instrument sued on did not purport to have been given for a valuable consideration, and, therefore, no cause of action was shown against the defendant. This suit was brought before a justice of the peace where no technical pleadings are required, and no special averments were necessary. A statement was filed showing the cause of action, which statement was filed with the instrument sued on. The instrument sued on was as follows :

"West Plaine, Mo., August 5th, 1867. We, or either of us, promise to pay to Thomas Smith, administrator of the estate of Benjamin F. Hawkins, the full amount of all the expenses legally incurred in said administration, on or before 3rd Monday in October, A. D. 1867." This instrument was signed by defendant and another.

The statement filed as the cause of action with this

instrument, after setting forth the instrument, set forth the items and amount of the expenses legally incurred in the administration of said estate of said Hawkins, and then avered that defendant, though requested so to do, had failed and refused to pay the same, and prayed judgment for said amount. On the trial the plaintiff, without objection from defendant, introduced evidence tending to prove that plaintiff, as administrator of the estate of Hawkins, had sold part of the property belonging to said estate to the defendant; that the defendant had the control of a demand which had been proved up against said estate, and desired to have the price to be paid for the property purchased credited on said demand against said estate; and that plaintiff objected and demanded the money for the property sold, stating that he wanted the money so that he could retain the expenses of administration out of the money; whereupon defendant agreed to pay plaintiff his expenses of administration, provided plaintiff would let defendant apply the entire price to be paid for the property purchased on the demand which he had against the estate, which was the only debt against the estate besides the amount due plaintiff for the expense of administration; that plaintiff permitted defendant to retain the whole price to be paid by defendant for the property purchased by him, and to credit the same on his demand, and made final settlement of the estate without receiving his costs and expenses of administration; that at the making of this arrangement, the defendant in consideration thereof executed and delivered to plaintiff the instrument sued on. This was a good consideration for the promise, and although the statement filed did not specifically set forth the consideration, yet it was sufficient before a justice of the peace.

The defendant presented an account for services performed as an attorney, and a set-off. The record does not show where or when the set-off was filed, yet evidence was adduced to prove and to disprove the same. The evidence was conflicting on the set-off, as well as on the plaintiff's demand; and the bill of exceptions does not even pretend that all of the evidence is pre-

served or set forth therein on either side. Under such circumstances, the court having found the facts for the plaintiff, this court cannot interfere with the finding, no sufficient errors having been shown to authorize this court to reverse the judgment of the Circuit Court.

The judgment is therefore affirmed; the other judges concur.