LILBURN L. PHILLIPS *et al.*, Respondents, v. JEFFERSON M. BROUGHTON, Administrator, *et al.*, Appellants.

St. Louis Court of Appeals, March 27, 1888.

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.—An original petition was in the nature of an action at law on an administrator's bond. Upon demurrer thereto being sustained, an amended petition was filed, asking for a setting aside of the administrator's final settlement. *Held*, that this was a substitution, by amendment, of one cause of action for another, and, therefore, inadmissible.

2. LIMITATIONS—DIVISIBILITY AS TO PLAINTIFF DISTRIBUTEES.—Several plaintiffs being distributees of an estate, and the statute of limitations being successfully maintained against all of them except one, who was under disability when the right of action accrued, the defence should be recognized as to the other plaintiffs, but may be disregarded as to the one who was under disability, to the extent of her distributive share.

3. EVIDENCE—PERSONAL JUDGMENT.—A judgment rendered in favor of an administrator in his personal capacity only, is not admissible evidence in a suit against him charging maladministration upon a mere showing that the judgment debtor was, in fact, indebted to the estate in the administrator's charge.

4. ADMINISTRATION—FINAL SETTLEMENT, IMPEACHMENT OF.—An administrator's final settlement is in the nature of a judgment, and evidence to impeach it for fraud ought to be clear and satisfactory. It is not enough to show that errors may be found in it; since, to undertake their correction would merely amount to a new trial of the settlement, instead of a solemn proceeding in equity to attack a judgment for fraud in its concoction.

APPEAL from the New Madrid Circuit Court, HON.
J. D. FOSTER, Judge.

*Reversed.*

WILSON CRAMER, for the appellants :   The final set-
tlement of an administrator has the force and effect of a
judgment and can be set aside only for fraud.   *Yeoman*
*v. Younger*, 83 Mo. 429; *Miller v. Major*, 67 Mo. 248;
*Sheetz v. Kirkey*, 62 Mo.  418; *Lewis v. Williams*,
*Adm'r*, 54 Mo. 200; *Byerly v. Doulin*, 72 Mo. 271.   For
the reasons assigned appellants contend  that the court
below erred in setting aside the final settlement, and that
its judgment ought to be reversed.

RILEY & HAWKINS, for the respondents.

THOMPSON, J., delivered the opinion of the court.

The amended petition in  this  case  contained two
counts.   The first was in the nature of a  bill in equity
to set aside and surcharge an administrator's final settle-
ment on the ground of fraud.   The  second was in the
nature of an action at law for damages upon an admin-
istrator's bond.   The defendants demurred to the peti-
tion, for the improper joinder of these two causes of
action.   The demurrer was sustained, and thereupon the
plaintiff struck out the second count, namely, the action
upon  the   administrator's  bond,  and   subsequently
amended the caption so that the petition stood simply
as a bill in equity assailing the final settlement of the
defendant's intestate, Davis, as public administrator in
charge of the estate of Ross Phillips, deceased.   Subse-
quently a hearing was had which resulted in a decree in
favor of the plaintiffs.

It appears that the original petition was filed at the
March term, 1880 ; and that this amended petition was
filed on September 3, 1885, more than five years there-
after, and more than five years after the final settlement

which is assailed. The original petition was in the nature of an action at law upon the administrator's bond merely, and the petition as amended added a count seeking the equitable relief of a setting aside of the administrator's final settlement. It is apparent that this count set up a new and distinct cause of action, and as the count on the administrator's bond was abandoned after the demurrer was sustained, there was a complete substitution of one cause of action for another by amendment.

The statute of limitations of five years was pleaded in respect of all the plaintiffs but one, who, at the time when the cause of action accrued, was under the disability of coverture. This defence was sustained by the evidence, but disregarded and overruled by the court. This was error. Whatever right remained to attack the administrator's final settlement had been barred in respect of all the distributees, except the one who was under this disability, and it remained to her only in respect of her distributive share in the estate.

The record abounds in errors which it would be unprofitable to examine in detail. One of them was the admission in evidence of the record of a judgment in favor of the administrator personally against a person who appears by other evidence to have been indebted to the estate. But *non constat* that he was not also indebted to the administrator personally, and the record entirely fails to show that this judgment, although in favor of the administrator personally, and without any words describing him as administrator, either in the caption or in the body of the judgment entry, was in fact recovered by him in his representative capacity. Nevertheless, it appears to have been one of the elements of testimony which was thrown into the scale to make up the conclusion arrived at by the court, that the administrator had fraudulently failed to account in his final settlement for a portion of the assets which had come into his hands.

It is further to be observed that the petition and the evidence adduced on the part of the plaintiffs proceeded upon the theory that the administrator *negligently* failed to collect certain assets, and then *fraudulently* took credit for the same in his final settlement as uncollectible. The record entirely fails to show either of these elements in the conduct of the administrator. The evidence is of the vaguest possible character. The administrator had died pending the suit, and it was defended by *his* administrator; so that he was not there to explain any evidence which may have created impressions against him in the mind of the circuit judge. But explanation does not seem to have been needed. The evidence creates no impression in our minds against the propriety of his conduct.

The final settlement of an administrator is in the nature of a judgment. Evidence to impeach it on the ground of fraud ought to be clear and satisfactory. It is not enough to show that errors were committed in it; that credits were taken by the administrator which might have been disallowed; for this would convert a proceeding of this kind into a *new trial* of the administrator's settlement, whereas it is in the nature of a proceeding in equity attacking a solemn judgment on the ground of fraud in its concoction. But there is no evidence in the record that there was any error in the administrator's settlement—that he was guilty of any negligence, or that he was allowed to take credits which ought to have been disallowed. The record is so entirely barren of any of the elements essential to support such an action that it seems unnecessary to remand the cause for a new contestation between the defendant and the sole plaintiff who is not now barred by limitation.

The judgment will be reversed. Judge Rombauer concurs. It is so ordered.