SYLVESTER HALL, Appellant, v. SCHOOL DISTRICT NUMBER 4, TOWNSHIP 22, RANGE 9, *et al.*, Respondents.

### St. Louis Court of Appeals, April 16, 1889.

**Pleading : PARTIES : AMENDED PETITION.** Where the plaintiff filed a first and an amended petition against school district number 4, township 22, range 9, as the defendant, and afterwards filed a second amended petition against three persons by their several names as the only defendants, this last was not an amended petition, but a substitution of one cause of action for another. The trial court properly sustained a motion to strike out the petition, and dismissed the cause.

*Appeal from the Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Monks & Williams*, for the appellant.

The court erred in sustaining defendant's motion and in dismissing plaintiff's cause of action. The office of defendants was mainly ministerial, and if they were in this case acting judicially, this fact must be set up in an answer, and proven like any other defense ; so the court erred in sustaining the motion. 48 Mo. 253. The directors are liable in damages in their individual capacity for their wrongful conduct in wilfully, corruptly and forcibly expelling and ejecting plaintiff's children from school, and if they were in this case acting

in a ministerial capacity, this fact must be set up in answer and not by motion. 55 Mo. 149. Amendments are allowed at all stages of the proceedings and in furtherance of justice, on such terms as may be just. 1 R. S., p. 610, secs 3567 and 3568 ; *State to use v. Patton*, 42 Mo. 531 ; 38 Mo. 489. The court erred in sustaining the motion of defendant on this ground. The action of this court in sustaining said motion of the defendants and dismissing plaintiff's cause of action, was unauthorized, and in open violation of law, as shown by all the decisions heretofore cited.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed his petition averring therein the following facts : The defendant is a statutory school district, and plaintiff's five children were duly enumerated therein, as of school age, and were of school age. Hawkins, Rainey and Bear, were directors of the district duly elected and qualified. They appointed a teacher to teach a four months' school in the district, and after such school had been opened the plaintiff sent two of his children to attend it, but they were forcibly, wilfully and without any legal cause ejected by the directors Hawkins and Rainey. Wherefore plaintiff prays judgment.

A summons was issued upon filing of this petition against the district and returned duly executed.

Subsequently the plaintiff filed an amended petition also against the district, and a demurrer thereto being sustained, he filed his second amended petition, naming in the caption thereof the directors Hawkins, Rainey and Green as the sole defendants, making substantially the same allegations as in his original petition and praying judgment against defendants.

It does not appear that the suit against the district had ever been dismissed, or that the directors, attempted to be substituted in the suit, had ever been served with summons, or ever appeared to the action in any way.

Upon a filing of this amended petition, the school district by attorney moved to strike it out, which motion was by the court sustained and the cause dismissed, and the plaintiff after an ineffectual motion for new trial brings the case here by appeal.

Several propositions are argued by appellant which we are not called upon to notice as they are wholly outside of the record. The only question presented for our consideration is whether upon the facts stated the court erred in striking out the plaintiff's second amended petition.

It will be seen at a glance that the second amended petition does not purport to state any cause of action against the only defendant in court, namely, the school district. It does not even name the district as one of the defendants. It is therefore not an amended petition but a substitution of one cause of action for another, which is never admissible. *Scoville v. Glassner*, 79 Mo. 452 ; *Phillips v. Broughton, Adm'r*, 30 Mo. App. 148.

Section 3567, Revised Statutes, which authorizes the court in furtherance of justice to amend a pleading by adding or striking out the name of a party, does not contemplate the entire substitution of new parties plaintiff or defendant, or the substitution of a cause of action against A., for a cause of action against B. Such a proceeding would be subversive of the fundamental rules of pleading and would lead to the most interminable confusion.

As the petition stated no cause of action against the only defendant in court, and hence was in effect the institution of a new suit, it was properly stricken out on motion, and as the plaintiff had exhausted his right to further pleading by his second amended petition, the court properly entered a judgment of dismissal upon adjudging that pleading insufficient. *Beardslee v. Morgner*, 73 Mo. 22.

All the judges concurring, the judgment is affirmed.