B. F. CLEMENTS, Agent of the GOODSPEED PUBLISHING COMPANY, Appellant, v. J. T. GREENWELL, Respondent.

**St. Louis Court of Appeals, April 15, 1890.**

1. **Practice, Trial:** CHANGE OF VENUE. A change of venue may be taken in the circuit court in a cause appealed thereto from a justice of the peace.

Clements v. Greenwell.

2. ——— : ———. The application for a change of venue must be verified by the affidavit of a party to the cause ; but objection to the granting of it, because it is not thus verified, must be made in the court granting it, and cannot be urged in the court to which the venue is changed.

3. ——— : AMENDMENT OF PARTIES. The complete change of parties plaintiff, by the substitution of a new plaintiff for the one in whose name the action·was commenced, is a change of the cause of action, and, therefore, is not a proper amendment.

4. ——— : ———. In an action instituted before a justice of the peace and appealed to the circuit court, the entries on the justice's docket determine who are the parties plaintiff or defendant ; but *semble*, that in an action in which the justice's docket entries named "A., agent of B," as the plaintiff, while the statement of the cause of action filed with the justice was based on a contract alleged to have been made by the defendant with B., such entries were open to explanation, showing that the cause of action tried before the justice was the claim of B. against the defendant, and that, on such showing, an amendment was permissible, continuing the cause in the name of B. alone.

*Appeal from the Bollinger Circuit Court.*—HON. J. D. Fox, Judge.

REVERSED AND REMANDED.

*Thomas B. Whitledge* and *B. B. Cahoon*, for the appellant.

*John V. Nowell* and *Charles A. Killian*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This suit was instituted before a justice of the peace in Perry county upon the following statement filed as the plaintiff's cause of action.

"B. F. Clements, Agent for Goodspeed
Publishing Company, plaintiff,
        against
" J. T. Greenwell, defendant.

" Plaintiff states that defendant, by his contract in writing, herewith filed, promised and agreed to pay to

the Goodspeed Publishing Company, a firm composed of W. A. and C. L. Goodspeed, of Chicago, Illinois, the sum of twelve dollars ' upon presentation or delivery by plaintiff to defendant.of a book entitled " History of Southeast Missouri." ' That plaintiff has complied with the contract on his part, but defendant has failed and refused, and still refuses, to pay plaintiff said sum of twelve dollars, for which amount with costs he prays judgment.                    J. J. SEIBEL,
                    "Attorney for plaintiff."

Judgment was rendered in favor of defendant by the justice, and the plaintiff took an appeal to the circuit court.    In the circuit court C. L. Goodspeed and W. A. Goodspeed, composing the firm and doing business under the name . of the Goodspeed Publishing Company, filed their application for a change of venue of the cause from Perry county to some other county, on the ground that the citizens of Perry county were prejudiced against them, and the circuit judge changed the venue to Bollinger county.    In the circuit court of Bollinger county the defendant moved to strike the cause from the docket on the ground that the change of venue had been improvidently granted, for the reason that the circuit court cannot change the venue of a cause coming to it by appeal from a justice of the peace, and on the further ground that the change of venue was granted, not on the application of the plaintiff, but on application of C. L. Goodspeed and W. A. Goodspeed, who were strangers to the record.

Before this motion was determined, C. L. Goodspeed and W. A. Goodspeed moved the court to amend the statement, by striking out the name of B. F. Clements as plaintiff, and inserting their names in lieu thereof.    The court overruled their motion, sustained the defendant's motion to strike the case from the docket, and then rendered judgment against the plaintiff and his sureties on the recognizance for costs.

It will be seen from the foregoing recital that the judgment of the court was erroneous on any theory. If the venue of the case was improvidently changed from Perry county to Bollinger county, the circuit court of the latter county could not make any final judgment therein against the plaintiff and his sureties. All that it could do in that event was to order a re-transfer of the cause to the Perry county circuit court. And if the venue was properly changed, it could not make any final judgment, simply because it refused to allow an amendment of the statement, which the plaintiff asked.

Concluding, as we must on this state of the record, that the judgment is erroneous, and must be reversed, we proceed to examine the other questions presented, which necessarily must be disposed of after the cause is remanded. The first of these questions is, whether the venue was properly changed to the Bollinger county circuit court. The defendant claims that the change of venue was illegal for two reasons, first, because the cause having originated before a justice, the venue thereof could not be legally changed to another county, and, next, because W. A. and C. L. Goodspeed, not being parties to the suit, the venue could not be changed on their application.

The first of these propositions is very fully and elaborately argued by counsel, and must be answered by the construction placed upon the statute, as the right to change the venue is purely statutory. *Lewin v. Dille*, 17 Mo. 64; *Huthsing v. Maus*, 36 Mo. 101. The statute of 1879, section 3729, provides that "a change of venue may be awarded in any civil suit to any court of record." The defendant contends that the words, "to any court of record," limit the right to a change of venue to causes where the suit is originally brought in a court of record, and excludes such right in cases where the suit is brought to the circuit court by appeal.

The proper meaning of these words is, that the venue must be changed from a court of record to a court of record, regardless of the fact where the suit originates, and that, as far as we are aware, has always been the construction placed upon the statute. Were it otherwise, a party appealing a cause from a justice to the circuit court in a county, whose inhabitants are prejudiced against him, would be compelled to try his cause before a biased tribunal, as there is no provision of law providing for a jury *venire* to another county. Some of the most important cases such as forcible entry, unlawful detainer and landlord's summons, must originate before a justice of the peace, and in the county where the property is situated, and if in such cases the inhabitants of the county are prejudiced against either party, it would be unreasonable to construe a statute, designed to secure unbiased triers of the fact to every litigant, as denying him the right to a change of venue, by which alone he can secure unbiased triers of the fact.

The cases cited by the defendant are not in point. In *Powell v. Sutro*, 80 Cal. 559, the application was made in the superior court after answer filed, and it was held it came too late, as the statute required it to be made before answer; and that is all that that case decides. In *Hoshall v. Hoffacker*, 11 Md. 362, the question depended on the construction of the constitution, and statutes enacted following its language, which were seemingly restrictive of the right of removal. The case was an appeal from the decision of county commissioners in a road case, and the court denied the right of removal while the case was pending on appeal. LeGrand, C. J., doubted the propriety of the decision of the court, and merely concurred in order to settle the law. In Mississippi the statute expressly confines the right of removal to cases originating in the circuit court, hence the case of *Yalabusha County v. Carbry*, 11 Miss. (3 S. & M.) 529, can have no application. On

the other hand in the case of *Smith v. Monks*, 55 Mo. 106, in which the cause of action originated before a justice of the peace, several successive changes of venue were taken after appeal to the circuit court, and, although the point seems to have been distinctly made in the supreme court that they were improperly taken, 'the court in referring to them merely says that they were *not very regularly taken*, impliedly admitting that they could be taken. We must conclude that a change of venue, if otherwise authorized, cannot be denied on the sole ground that the cause did not originate in a court of record.

The application for a change of venue in this case was not supported by the affidavit of a party to the action, and might have been properly refused on that ground. *Norvell v. Porter*, 62 Mo. 312 ; *In the Matter of Whitson's Estate*, 89 Mo. 58. But as decided in *State v. Dodson*, 72 Mo. 283, and in *Squires v. Chillicothe*, 89 Mo. 226, that objection ought to have been made in the court granting the change of venue, and not in the court to which the cause was removed. Hence, we must conclude that on that branch of the case the law is also with the plaintiff, and that the circuit court of Bollinger county should have retained jurisdiction of the case after the papers were transferred to that court, even though the application made for a change of venue was informal.

This brings us to the main question in the case, and that is, whether the statement filed before the justice could be amended in the circuit court in the manner in which it was sought to be amended. The answer to this question must be determined by the fact, whether B. F. Clements was in point of fact the sole plaintiff in the action instituted before the justice of the peace. If so, the amendment could not be made, because the utmost liberality, which prevails in regard to amendments on appeal of statements filed before justices of the peace, does not go to the extent of permitting a

complete substitution of one party plaintiff for another. As Judge PHILIPS properly remarks in *Thieman v. Goodnight*, 17 Mo. App. 434, that would be an amendment not of the plaintiff's cause of action, but of another person's cause of action. There can be no substitution of one cause of action for another by amendment even in actions originating in the circuit court (*Scovill v. Glasner*, 79 Mo. 452; *Hall v. School District*, 36 Mo. App. 23), much less in actions appealed to the circuit court from justices of the peace, touching which the statute expressly provides that the same cause of action that was tried before the justice, and no other, shall be tried before the appellate court upon the appeal. The plaintiff contends that, because the written contract filed before the justice shows that it is an offer to pay a certain sum of money to the "Goodspeed Publishing Company" on certain conditions, it is to be assumed that the paper thus filed, was the cause of action. The answer is that that paper in itself constitutes no cause of action whatever, as it fails to show any performance by any one of the condition whereon the money became payable, and, next, that the fact who the parties plaintiff and defendant were before a justice of the peace, is determined *prima facie* by the justice's docket entries, and not by names given in papers filed before the justice, in which they are not even designated as parties plaintiff or defendant. *C. H. Conrades & Co. v. Spink*, 38 Mo. App. 309. The justice's docket states the plaintiff's name as B. F. Clements, agent of the Goodspeed Publishing Company, the summons issued by the justice cites the defendant to answer the complaint of B. F. Clements, agent of the Goodspeed Publishing Company. The transcript filed in the circuit court purports to be a transcript of the pleas and proceedings constituting the record proper in a certain cause, wherein B. F. Clements, agent of the Goodspeed Publishing Company, was plaintiff, and James T. Greenwell was defendant. It would seem from this that the cause of action, which

was tried before the justice, was whether Clements had any cause of action against the defendant and not whether the members composing the firm of the Goodspeed Publishing Company had such cause of action or not.

It is apparent from the foregoing that the circuit court committed no error in refusing an amendment, which contemplated an entire substitution of new parties plaintiff in lieu of the only party plaintiff in the case, in the absence of any showing that the justice's docket entries were erroneous, and that the cause of action really tried before the justice was that of W. A. Goodspeed and C. L. Goodspeed, plaintiffs, against the defendant. In view of the great liberality, which is now permitted on the subject of such amendments under the provisions of section 3060 of the Revised Statutes of 1879, we are not prepared to say that the court should not, in furtherance of justice, upon a clear showing that the cause of action tried before the justice was one by the firm against the defendants, permit an amendment of the plaintiff's cause of action in conformity with the facts, but we do say that, in absence of such showing, the ruling of the court on that branch of the case was correct.

Reversed and remanded. All the judges concur; Judge Biggs in the result.