MARY E. MALONEY, Respondent, v. REAL ESTATE, BUILDING AND LOAN ASSOCIATION, Appellant.

St. Louis Court of Appeals, April 3, 1894.

1. **Executions**: RIGHTS OF JUDGMENT CREDITORS. *Held*, in the course of discussion, that a judgment creditor is entitled to an execution, as a matter of course; that the execution must conform to the judgment; and that, if the writ be regular, and not superseded by independent proceedings, the execution creditor has an unconditional and absolute right to have it executed according to its mandate.

2. **Building Association**: REMEDY OF WITHDRAWING MEMBERS. A member of a building association, who withdraws, has no right of action at law against the association for the withdrawal value of his shares under the statute. His only remedy is in equity, and even that does not lie when the association is honestly applying the share of its funds required by statute to the payment of withdrawing shareholders, and there is no controversy in regard to the losses of the association.

3. ———: ———: AMENDMENT OF PLEADINGS. Where a withdrawing member sues the association at law for the value of his stock, he can not amend the action so as to convert it into a proceeding in equity under the foregoing rule.

4. ———: ———. But *held* by BOND, J., that the withdrawing shareholder has the right to reduce his demand to judgment by action at law, but that his judgment and execution must be confined to the funds which the statute subjects to the payment thereof; also, that the court rendering the judgment may reasonably suspend the issue of execution for its enforcement.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND DISMISSED.

*James E. Hereford* and *F. M. Estes* for appellant.

In order that a foreign construction of a statute adopted in this state should prevail, our statute must be a literal and precise copy of the statute construed. *Skouten v. Wood*, 57 Mo. 380; *West v. McMullen*, 112 Mo. 411; *Skrainka v. Allen*, 76 Mo. 384. The Missouri statute is not identical in form or spirit with the Pennsylvania statute construed by the Pennsylvania court. R. S. 1879, art. 9, ch. 21; R. S. 1889, art. 9, ch. 42; 1 Brightly's Purdon's Dig., p. 183. In the construction of a statute granting extraordinary powers, the greatest caution should be used. *Kiley v. Oppenheimer*, 55 Mo. 375. It is proper to consider the effect and consequences of a proposed construction of a law, to ascertain what is probably its true intent. *Bowers v. Smith*, 111 Mo. 45; *Skrainka v. Allen*, 76 Mo. 384.

*Clopton & Trembley* for respondent.

The case of *Building Association v. Silverman*, 85 Pa. St. 394, is not only persuasive, but controlling, authority. It is a well known fact that Pennsylvania is considered the home of building associations in the United States. Our building association statute,

first adopted in 1879, is so similar to the Pennsylvania statute, that it is evident ours was taken from the Pennsylvania law, and that, too, after the construction placed upon it in the Silverman case by the Pennsylvania court. In adopting the law of a sister state, we adopt it with the construction placed upon it by the courts of such state. *State v. Mason*, 15 Mo. App. 141; *Skouten v. Wood*, 57 Mo. 380. The statute on the point in question is identical. Compare Brightly's Purdon's Digest, volume 1, page 183, section 2, with our statute, R. S. 1879, sec. 960, and R. S. 1889, sec. 2810.

BIGGS, J.—The defendant association is incorporated under article 10, chapter 42, of the Revised Statutes of 1889. Section 2810 of the article provides: "Any shareholder, or the legal representative of any deceased shareholder, wishing to withdraw from the said corporation, shall have power to do so, by giving thirty days' notice of such intention to withdraw, such notice being given at a regular meeting of the board of directors. On the day following the next regular meeting, or at any time thereafter, the member so withdrawing, or, if deceased, his legal representative, shall be entitled to receive, on demand, the amount paid in by him or her, and such proportion of the profits as the by-laws may determine, less all fines and other charges. Should there have been, however, a net loss, instead of a net gain, then such withdrawing shareholder shall receive the actual amount paid, less his proportion of such net loss. At no time, however, shall more than one-half of the unloaned funds in the treasury of the corporation be applicable to the demands of the withdrawing shareholders, without the consent of the board of directors."

The plaintiff, who was the owner of ten shares of stock in the defendant corporation, gave notice of

withdrawal as provided by statute, and, after the lapse of the time prescribed, she demanded of the defendant the amount paid in by her with four per cent. interest per annum thereon for the average time, as provided by the by-laws of the corporation. The defendant failing to pay, this action at law was instituted to recover the amount.

The defendant, answering the complaint, admitted the notice of withdrawal, and the demand by plaintiff for the amount alleged to be due. As a defense to the action, the following facts were set forth: That, in compliance with the statute, the defendant had adopted a by-law providing that at no time should more than one-half of the funds in the treasury be applicable to the demands of withdrawing stockholders, without the consent of the board of directors; that, at the time the plaintiff gave notice, the defendant had on file a large number of notices of withdrawals which were then unpaid and which remained unpaid at the date of the filing of this suit, although the defendant for a long time before and since the plaintiff's notice had applied one-half of all funds received by it upon the demands of other withdrawing stockholders, and that there still remained large amounts due stockholders who had given notice prior to the plaintiff.

The court sustained a general demurrer to the answer, and, the defendant declining to plead further, a final judgment was entered against it.

The only question presented for our decision, and it is a new one in this state, is the right of the plaintiff to recover at law on her claim, which would carry with it the right to an execution for the enforcement of the judgment.

Our statute governing building and loan associations was first adopted in the revision of 1879 (article 9, chapter 21), and it is substantially, if not literally, a

copy of the Pennsylvania statute on the subject (1 Brightly's Purdon's Digest [10 Ed.], p. 183); and, as the building and loan system had its origin in Pennsylvania, we must assume that our law was borrowed from that state. Prior to the adoption of the statute in this state, the supreme court of Pennsylvania, in the case of the *United States Building Association v. Silverman*, 85 Pa. St. 394, held that after notice and demand a withdrawing stockholder became a creditor of the association, and could sue at law and recover judgment on his claim; but that it was in the power of the court, if the equities of the case required it, to restrain the execution in order to afford the association a reasonable time within which to raise the money for the payment of such judgment.

In support of the present judgment it is insisted that this ruling of the Pennsylvania court is controlling authority, for the reason that by adopting the statute it must be presumed that our legislature intended to adopt it with the meaning placed on it by the highest court of the state from which it was borrowed. The rule is well established. *Skouten v. Wood*, 57 Mo. 380; *West v. McMullen*, 112 Mo. 411; *Skrainka v. Allen*, 76 Mo. 384. To the extent of holding that a withdrawing stockholder occupies the position of a creditor, and that his claim is a debt against the association, we are bound. But this declaration of the Pennsylvania court must be accepted in a modified or restricted sense. In subsequent cases arising in the same state the courts hold that, while a retiring stockholder may in a sense or under certain conditions be regarded as a creditor of the association, yet he can not occupy the position of an independent creditor whose claim is not dependent on former membership. Thus the court of common pleas, in *Matter of Assigned Estate of National Savings Loan and Building Association*, 9 W. N. C. (Pa.) 79,

ruled that such a stockholder was not a creditor within the meaning of the assignment law of that state; that only outside creditors were entitled to be paid by the assignee, and that, after paying them, the remaining assets should be reassigned, and that the court on application of the parties in interest would appoint a receiver for the purpose of closing out the business, so as to produce the least loss, and that the proceeds should be divided ratably among all the stockholders. However, the important and governing question in the case before us is one of procedure or practice concerning which the decision of the Pennsylvania court is no authority.

The owners of a series of stock in a building and loan association are to all intents and purposes partners. At the maturity of a series, the nonborrowing stockholders are entitled to receive from the association the face value of their stock. To guard against unforeseen or unexpected reverses in business, or the death of a stockholder prior to the maturity of the stock, the statute provides for withdrawals upon the terms stated. This privilege has been afforded for the purpose of encouraging membership in such organizations. But it is one that ought not to be asserted to the detriment of the remaining partners. It seems from the decision in the *Silverman case* that in Pennsylvania an ordinary execution may be stayed, or its service directed in such a way as the exigencies of the case may require. Under such a practice no very great harm could come to the remaining stockholders by allowing retiring stockholders to bring suits on their demands, except that in many cases it would result in the payment of unnecessary costs. But that is not the law in this state. Here a judgment creditor is entitled to an execution as a matter of course, and the execution must conform to the judgment. *Bush v. White*, 85 Mo. 339;

Section 4895 of the Revised Statutes of 1889. If such process is regular, and it is not superseded by independent proceedings, the plaintiff in the execution has the unconditional and absolute right to have the process executed in the usual and customary way, that is, by levy and sale of *any* property belonging to the defendant which may be subject to execution.

Therefore we think that a court of equity, with its comprehensive jurisdiction and flexible rules, is the proper tribunal for the adjustment and collection of the demands of retiring stockholders of a building and loan association. The fact that the satisfaction of such claims is limited to certain funds, and that the losses, if any, must be ascertained and deducted, makes the settlement of such a claim one peculiarly within the equitable jurisdiction of the court. Especially is this true where there are a number of withdrawals pending, and the funds of the association are insufficient to pay them all at one time. A court of equity would have the authority to bring all existing claimants before it, and so frame its decree as to meet all of the equities, and decree payment of the demands according to their priority.

But to entitle a retiring stockholder to resort to legal proceedings he must allege and prove facts which entitle him to the interposition of the court. If the association is honestly applying one-half of its revenues (or more, if the board of directors consents) to the payment of retiring members according to their rightful precedence, and there is no controversy concerning losses, we think it would be a great abuse of the privilege of withdrawal to allow the retiring stockholder, under such circumstances, to resort to the courts. He owes it to the remaining stockholders not to mulct them in unnecessary costs.

Our conclusion results in the reversal of the judg-

ment, and, as the right to amend does not exist, the cause must be dismissed. The plaintiff has sued at law. His remedy, if he has any, is in equity. An amendment would require different proof. This is one of the tests which is applied by the courts to the right of amendment under the code. *Lottman v. Barnett,* 62 Mo. 170; *Scovill v. Glasner,* 79 Mo. 449; *Phillips v. Broughton,* 30 Mo. App. 148; *Sims v. Field,* 24 Mo. App. 557.

The judgment will therefore be reversed, and the cause dismissed without prejudice to the right of the plaintiff, if so advised, to institute the proper action. Judge ROMBAUER concurs. Judge BOND concurs in the result.

## CONCURRING OPINION.

BOND, J.—The statute under consideration entitles a withdrawing stockholder, under the conditions alleged in the petition, "to receive on demand" his claim. It further provides in effect that, if the board of directors do not consent to pay his demand, it shall not be enforceable against "more than one-half of the unloaned funds in the treasury of the corporation." R. S. 1889, section 2810.

The state from which the act in question was taken construed these provisions to give a withdrawing stockholder the right to reduce his demand to a judgment, with a further right to an execution under said judgment, adapted to reach the funds made liable under the *act.* In that case, this end was effectuated by an order of court, suspending for a reasonable time the issuance of an execution in enforcement of judgment rendered in favor of a retiring stockholder. *Building Ass'n v. Silverman,* 85 Pa. St. 394.

That authority is directly in point as to the power of a court of law to suspend or control its process in a

case like the present; it is also in harmony with the universal rule that all courts can stay or quash executions upon their judgments to prevent abuse or injustice. *American Wine Co. v. Scholer*, 13 Mo. App. 350.

In exercising this prerogative, courts of law have full power to act according to the circumstances of the matter in hand, or as the rule has been expressed: "The power of courts to temporarily stay the issuing of execution is exercised in an almost infinite variety of circumstances, in order that the ends of justice may be accomplished. In many cases this power operates almost as a substitute for proceedings in equity, and enables the defendant to prevent any inequitable use of the judgment or writ." Freeman on Execution, section 32; *Commonwealth v. Magee*, 49 Am. Dec. 509, 514.

Under this rule and the broad scope of a judgment under our reformed procedure, as well as by the express provision of the statutes subjecting a specific portion only of the assets of building associations to the demands of withdrawing members, there is no impediment to a special judgment and execution against the particular fund rendered applicable by the statute governing these corporations. This case presents no elements bringing it within the peculiar cognizance of a court of equity.

It is a mere matter of legal liability, the amount of which can be readily ascertained on a reference with nothing to distinguish it from other forms of debt, except the limitation as to its enforcement against a particular fund. This difference does not render a court of law incompetent to afford an adequate remedy. Hence it is unnecessary to compel a repleader in this case for the purpose of submitting the same cause of action upon a petition in equity.

In the case at bar the court neither confined the

recovery of the plaintiff to the fund rendered liable to his claim by law, nor suspended the execution of its judgment so as to restrict its enforcement against said fund. I concur therefore only in so much of the opinion of my associates, as reverses the cause.