JAMES B. COOPER *et al.*, Respondents, v. D. C. DUNCAN, Appellant.

### Kansas City Court of Appeals, April 30, 1894.

1. **Judgments:** FINAL SETTLEMENT OF ADMINISTRATOR: FRAUD: APPEAL. Judgments approving final settlements in administration are fully as binding and conclusive as the judgments of any court of record; and the ordinary remedy for an improper or erroneous final settlement is by appeal; and errors unaccompanied by fraud and not induced by fraud can only be inquired into on appeal.

2. ——: ——: ATTACK FOR FRAUD. In an attack for fraud upon a, judgment approving a final settlement, it is not enough to show that errors are in it and that credits were taken that might have been disallowed. Such proceeding is not a new trial of the administrator's settlement, but an attack upon a solemn judgment on the ground of fraud in its concoction.

3. ——: ——: ——. While there may be instances where the probate records or the settlement of the administrator would themselves disclose a fraud without the aid of affirmative extrinsic evidence, such is not the case here.

*Appeal from the Osage Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED.

*Silver & Brown* and *J. W. Zevely* for appellant.

(1) The action of the circuit court in rendering judgment against the defendant was unauthorized. The omission or failure of the probate court to charge defendant with interest in his final settlement affords no ground for the circuit court to do so in an equitable suit like this. *Sheetz v. Kirtley*, 62 Mo. 417; *Miller v. Major*, 67 Mo. 247; *Patterson v. Booth*, 103 Mo. 417; *Phillips v. Broughton*, 30 Mo. App. 151; *Jones v. Brinker*, 20 Mo. 87; *State v. Roland*, 23 Mo. 95; *Mitchell v. Williams*, 27 Mo. 399; *Standard v. Lucas*, 25 Mo. App. 64; *Crowley v. McCrary*, 45 Mo. App. 360. (2) That an executor omits an item properly entering into his accounts renders the final settlement inconclusive as to such item, is not the law of this state. *Patterson v. Booth*, 103 Mo. 419. (3) The evidence in this case did not in the slightest degree tend to show that defendant had concealed from the court any interest actually collected by him, or that he had so collected any interest, or that he was guilty of any concealment or fraudulent conduct or false pretenses whatever relative to the matter of interest or otherwise.

(4) A final settlement in the probate court has the force and effect of a judgment of a court of competent jurisdiction, and can be set aside only for fraud in its procurement. *Phillips v. Broughton,* 30 Mo. App. 151; *State, etc., v. Gray,* 107 Mo. 534, 535; *Smith v. Sims,* 77 Mo. 269; *Richardson v. Stowe,* 102 Mo. 33. It was not intended to make a proceeding like this a new trial of the administrator's settlement. *Phillips v. Broughton, supra.* (5) Besides, by express statutory provision the matter of interest is largely in the control of the probate court requiring such court to exercise an equitable control in the matter. R. S. 1889, secs. 224, 225; *Scudder v. Ames,* 89 Mo. 508; *Booker v. Armstrong,* 93 Mo. 49; *Myers v. Myers,* 98 Mo. 262; *Madden v. Madden,* 27 Mo. 544. (6) The presumptions in this case are all necessarily in favor of the correctness of the final settlement. See *Myers v. Myers, supra; Booker v. Armstrong, supra; Scudder v. Ames, supra.*

*I. W. Boulware* and *Ryors & Vosholl* for respondents.

(1) If the settlement was procured by fraud, deceit, concealment or misrepresentation, a court of equity had the right to set it aside. This is plaintiff's only means of redress. Equity will not suffer a wrong to be without a remedy. *Strong v. Wilkerson et al.,* 14 Mo. 116. (2) Fraud on part of the defendant in this case did not alone consist in his failing to account for interest on money in his hands used by him, but in failing to account for the interest which had accumulated on the notes (the assets which went into his hands at the time he became administrator) when they were collected by him. These notes were all interest bearing and he only accounted for the face value of

the notes when inventoried although many remained in his hands from three to ten years. He was also guilty of further fraud in not making annual settlements and keeping said estate in his hands for seventeen years. The amount collected was known only by him. *Strong v. Wilkerson, supra.* Seventeen years after, he made his final settlement, failing to make known, and in fact concealing the fact that the notes bore interest, and that he had collected principal and interest. *Cruce v. Cruce,* 81 Mo. 676. (4) All interest received by administrators on debts due the deceased shall be assets in their hands. The evidence shows that defendant received such on notes and that he failed to account for same. This was fraud on part of administrator, and his final settlement was procured in part by his concealment of this fact from probate court seventeen years after he had received the assets of estate. 1 General Statutes, 1889, p. 162, sec. 224; *Gregory v. Menefee,* 83 Mo. 413. (5) The evidence was amply sufficient to satisfy the mind and conscience of the chancellor that defendant had fraudulently managed the estate. This fraud enabled him to procure the final settlement, hence the same was set aside. Being set aside, it was open for correction. *Clyce v. Anderson, Adm'r,* 49 Mo. 41.

ELLISON, J.—Plaintiffs are the heirs of John B. Cooper, deceased, and defendant was the administrator of said Cooper's estate. The action was instituted to set aside the judgment of the probate court approving the final settlement of defendant on account of alleged fraud in the settlement and of fraud in procuring the judgment of approval. The circuit court set aside the judgment and settlement and proceeded to adjust defendant's account with the estate, resulting in a judgment against defendant for $1,841.54. The circuit

court based its finding against defendant altogether on the ground of his having failed to charge himself with interest on balances in his hands. It charged him with such interest and with interest on the sum thus ascertained to be due on the day the final settlement was approved, from the day of approval to the day this cause was tried. Much of the complaint made by plaintiffs was disagreed to by the trial court and since there is no cross appeal by plaintiffs, much of the case as it stood originally is eliminated and we will therefore confine ourselves to a consideration of the case as it was disposed of on the question of interest.

It appears that letters of administration were issued to defendant in the year 1870, and that he kept the estate in charge for about seventeen years, making the final settlement complained of here in the year 1887. In the mean time he made only four annual settlements, the period between his last annual settlement and his final settlement being ten years. On the face of his annual settlements there were large balances of from $2,000 to $3,000 shown in favor of the estate and in no case does he appear to charge himself, or to be charged by the probate court with interest, save in one instance where there appears a charge of $35 against him. The evidence does not show why interest was not charged against him, nor does it show that interest should have been charged. There is simply an absence of evidence on the subject—we have only the fact that no interest was charged. There is no evidence of any fraud by defendant whereby he induced the probate court to omit to charge him with interest. Nor is there any evidence that any fraud was practiced upon the court, or collusion between the court and defendant in obtaining the judgment approving the final settlement.

There have been periods in the state's history when the effect of a judgment approving of a final settlement

was considered less conclusive than now and for some years anterior. Such judgments are looked upon now with quite as much favor and are regarded as being fully as binding and conclusive as the final judgment of any other court of record. The ordinary remedy for an improper or erroneous final settlement is by appeal from the judgment of approval. If there are infants interested therein their guardians should look to their interests and take an appeal in their behalf when necessary. Errors by the probate court unaccompanied by fraud and not induced by fraud can not be inquired into, except by appeal. So misconception of duty by the administrator, not shown to have been fraudulent, which has met the approval of the probate court in final settlement without the aid of inducement which is sometimes afforded by fraudulent practices, can not be cured, except by appeal. In *Sheetz v. Kirtly*, 62 Mo. 417, Judge HOUGH said that, "there is a broad distinction between the right to correct errors in. a judgment on an appeal therefrom and the right to annul for fraud a judgment unappealed from. Final judgments of the probate court stand on a footing of equality, in this respect, with final judgments of the circuit court.   *   *   *   Mere illegal allowances, unless obtained by fraud, will furnish no sufficient grounds for impeaching their validity." The further remark of the judge finds application to the facts, as they appear to be, in this case. He says that, "Any relaxation of the rule for the purpose of meeting apparently hard cases, can only result in making our judgments partial and confused." The rule announced in that case has been frequently cited and quoted with approval. *Patterson v. Booth*, 103 Mo. 417; *Miller v. Major*, 67 Mo. 247. The question was before the St. Louis court of appeals, which said through Judge THOMPSON: "It is not enough to show that errors were

comitted in it (the final settlement), that credits were taken by the administrator which might have been disallowed; for this would convert a proceeding of this kind into a *new trial* of the administrator's settlement, whereas it is in the nature of a proceeding in equity attacking a solemn judgment on the ground of fraud in its concoction." *Phillips v. Broughton*, 30 Mo. App. 151.

In this case, as we have stated, there is no evidence to show fraud or collusion. But we are willing to concede that there might be instances where the probate court records, or the settlements of the administrator would themselves disclose a fraud without the aid of affirmative extrinsic evidence. But here is not such a case. There may have been reasons assigned in good faith, though perhaps not valid, why interest should not have been accounted for. We are not advised as to this and we must resolve all presumptions in favor of the action of the probate court.

The judgment will be reversed. GILL, J., concurs. SMITH, P. J., not sitting.