JAMES T. CARTER, Respondent, v. THE AETNA LOAN COMPANY, Appellant.*

St. Louis Court of Appeals, February 12, 1895.

1. **Principal and Agent:** ACTION IN EXCESS OF KNOWN AUTHORITY. When the authority of an agent is known, a person who contracts with him in excess of it can not hold the principal.

2. **Building Associations:** RECOVERY BY WITHDRAWING MEMBER. A withdrawing member of a building association can not recover from it the value of his stock, when there is no evidence that he has complied with the conditions of the by-laws and statutes in regard thereto.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*Phillips, Stewart, Cunningham & Elliott* for appellant.

No brief filed for respondent.

BOND, J.—In this case the evidence tends to show that plaintiff paid to defendant's agents $75 to secure a

---

*Another cause, *Surena B. May v. Aetna Loan Company*, depended upon the same facts and questions, as the one in which the above opinion was rendered, and the judgment therein was, therefore, also reversed.

loan of $7,200 on his farm, upon the promise of such agents that, if defendant refused to loan, it would return the sum so paid. At the time of said payment the agents executed a receipt therefor in the following terms:

"Receipt* T. Ex. 'A.'

"MEXICO, Mo., Sept. 21, 1892.

"Received of James T. Carter the sum of $75 as membership fees on installment series stock in the Aetna Loan Company. This receipt is accepted from information set forth in the by-laws and other printed matter of said company, and with the full understanding that it only binds said company for the certificate of shares, and that agents have authority to collect and receipt for membership fees only.

"COOPER & MARTIN."

The evidence also tended to show that plaintiff was told by said agents that, in order to secure said loan, he would have to take stock for the same amount in the defendant corporation; that plaintiff stated that he did not want any stock, only a loan. It appeared from the stationery and printed matter of defendant that the parties dealing with plaintiff were designated Cooper & Martin, General Agents, Salisbury, Missouri; that plaintiff thereupon applied for a loan on blanks furnished by said agents, and also applied for shares of stock (maturing value, $7,500); that this application contained a recital that plaintiff had read the by-laws and printed matter of said company, and agreed to accept said shares subject to them and all contracts made in accordance therewith, and that the application was made with the "full understanding that agents and solicitors have authority to receive and receipt for entrance fees only, and that they have no authority to promise loans, or to alter or change, in any way, the terms and conditions as set forth in the

by-laws and printed matter of said company.'' The defendant's by-laws were introduced in evidence, and the sum paid by plaintiff was shown to have been received by defendant, and, the loan being refused, plaintiff sued before a justice for money had and received and damages suffered, aggregating $100. Judgment was rendered for plaintiff by default in the justice's court. Defendant appealed to the circuit court, and, on the trial in that court, objected to all the foregoing evidence in reference to the promise or agreement, made with plaintiff by said agents, to return the money on the refusal of the loan, on the ground, among others, of want of authority in such agents to bind the defendant. This objection was overruled and exception duly saved, and judgment given for plaintiff, from which defendant appeals to this court.

The decisive question in this case is as to the authority of defendant's agents, Cooper & Martin, to agree, on its behalf, to return the money paid by plaintiff upon the refusal of his application for the loan. Conceding the full probative force of all the evidence as to the character of the agency entrusted to Cooper and Martin,—that they were general agents for defendants—still there is an insuperable difficulty in the way of any recovery by plaintiff based on their promises as such, since it conclusively appears, from the plaintiff's own statement in his application for stock in the defendant corporation, and from the terms of the receipt taken by him for the payment thereon, that he was fully aware that said agents had no authority to promise loans, or to alter the relations of the stockholders to the defendant corporation as defined in the by-laws of said company, and that the authority of the agents in question extended only to the collection and receipt of membership fees. The rule that, where the authority of an agent is known, a person contracting with him in

excess of such authority., can not hold the principal, is well settled. Story on Agency [8 Ed.], secs. 105, 127, 134.

Neither could plaintiff recover in this action as a withdrawing stockholder, for there is not a *scintilla* of evidence that he complied with the condition of the by-laws and the statutes in reference to such withdrawal. *Maloney v. Real Estate B. & L. Association,* 57 Mo. App. 384. As there was no theory presented by the evidence in this case whereon plaintiff could recover in the present action, the judgment of the circuit court in his favor will be reversed. All concur.