H. J. F. Davis *et al.*, Directors of the School District of Thayer, Respondents, v. P. R. Boyce *et al.*, and the Desnoyers Shoe Company, Appellants.

St. Louis Court of Appeals, February 15, 1898.

Practice, Trial: AMENDED PETITION: MOTION TO STRIKE OUT: WAIVER. The failure of defendant to stand on its motion to strike out the amended petition, and its going to trial on the issues presented thereby, after the motion was overruled, was a waiver of the matter set up in the motion.

*Appeal from the Oregon Circuit Court.*—Hon. W. N. Evans, Judge.

Affirmed.

*G. M. Sebree* and *John S. Farrington* for appellants.

The complete change of parties plaintiff, by the substitution of a new plaintiff for the one in whose name the action was commenced, is a change of the cause of action, and therefore not a proper amendment. *Clements v. Greenwell*, 40 Mo. App. 590; *Hall v. School Dist.*, 36 *Id.* 23; *Courtney v. Sheehy*, 38 *Id.* 293; *Altheimer v. Teuscher*, 47 *Id.* 284.

No brief filed for respondents.

Bond, J.—This is an attachment suit against the treasurer of the school district of Thayer. Defendant not appearing, another of his attaching creditors obtained leave to defend and thereupon moved to strike out the amended petition filed by plaintiff as a departure from its original petition. This motion being overruled, the parties announced themselves ready for trial, waived a jury, and submitted the issues to the court. The undisputed evidence showed that the defendant had absconded with $1,500 of the money of the plaintiffs which had come into his hands as treasurer. The court gave judgment accordingly, and the attaching creditor, who had been permitted to defend, appealed to this court.

The only error assigned relates to the amendment of the original petition. Appellant is in no position to urge this objection, as the record shows it did not

TRIAL practice: amended petition: motion to strike out: waiver.

stand on its motion to strike out the amended petition, but after said motion was overruled engaged in the trial of the issues presented by the amended petition. This was a complete waiver of the matter set up in the motion. *Hurley v. R'y*, 57 Mo. App. 680. We have, however, examined the point made in the motion (treating it as a demurrer) and deem it untenable even if it had been properly served for review. The original petition in terms alleged the name and corporate existence of the school district and its capacity as such to sue. It is true the names of the directors are referred to in the petition, but the petition nowhere avers any legal right in them as such to sue.

It concludes with a prayer by "plaintiffs" for judgment. The only change made in the amended

petition is by adding the word "Thayer" to the statement of the corporate name of plaintiff, and a prayer for judgment, to wit, "wherefore he prays judgment, etc." The whole context of the first petition warrants the construction that it was a suit by the school district as a corporation and justified the trial court in regarding the allusion therein to the directors as mere surplusage. Hence it is evident the two petitions do not present a case of the *total* change of parties plaintiff and are not within the rule announced in *Hall v. School Dist.*, 36 Mo. App. 23, where it was held that a suit *against* a school district as a corporate entity, could not be converted into one only against its directors as individuals, where apt and timely objections to such amendment were interposed. Our statutes on the subjects of amendments are broad and have been liberally construed by the supreme court. In *Ragan v. R'y*, 11 Mo. *loc. cit.* 460, an amendment to a petition permitting a trustee to be made a party where the suit was begun in the name of the *cestui que trust* only, was adjudged regular and proper. In *Lilly v. Tobbein*, 103 Mo. *loc. cit.* 489, it was held proper to substitute by amendment "competent plaintiffs" "for an incompetent one." Same effect, *Butler v. Lawson*, 72 Mo. *loc. cit.* 264.

These authorities show beyond cavil the correctness of the ruling of the trial court in this case, if that ruling had been properly saved for review. The judgment herein is affirmed. All concur.