Sears v. The Missouri Mortgage Loan Co.

JOHN T. SEARS, Appellant, v. MISSOURI MORTGAGE LOAN COMPANY *et al.*, Respondents.

**Kansas City Court of Appeals, January 29, 1894.**

1. **Corporations:** PLEADING: CONVERSION: ACTION AGAINST STOCK-HOLDERS: CHANGE OF CAUSE OF ACTION. Plaintiff brought a common law action against the defendant corporation for the conversion of a promissory note. Failing to secure service he made the other defendants, being stockholders, parties and filed an amended petition seeking to make them liable under section 2519 Revised Statutes, 1889, which states a cause of action under that section. *Held,* there was a change of the cause of action and the amended petition should be stricken out on motion.

2. ———: OBJECTION OF STATUTE: REMEDY AGAINST STOCKHOLDERS. *Held, arguendo,* section 2519 was intended, no doubt, to give creditors who had no judgment against the corporation, a similar remedy against the stockholders therein whose stock has not been paid in full as that given creditors having a judgment against it under section 2517.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

The amended petition does not change the cause
of the action. The same evidence will support both
petitions, and the same measure of damages will apply
to both. Therefore, it is an amendment. *Scovill v.
Glasner*, 79 Mo. 449. That additional allegations are
made to connect the newly made defendant with the
cause of action is no bar to the amendments. *Divine
v. Duncan*, 52 How. Pr. 446; *Brown v. Leigh*, 49 N. Y.
78; *Luther v. Barnett*, 62 Mo. 159. The substitution
of individual names for an incorporated society is
allowable and relates back to the commencement of the
action so as to save the statute of limitations. *Lilly v.
Tobbien*, 103 Mo. 477; *Anglo-Am. P. & P. Co. v.
Turner Casing Co.*, 34 Kan. 340. But the statute makes.
the stockholder the representative of the corporation
when the latter is disolved. Revised Statutes, 2519.

*W. A. Powell* for respondent.

(1) The "amended petition" was a substitution
both as to parties and cause of action and the proper
way to reach it is by motion to strike out. *Simms v.
Field*, 24 Mo. App. 557; *Las v. Eisleben*, 50 Mo. 122.
(2) Plaintiff's amended petition is an entire substitu-
tion of parties defendant and a clear substitution of a
new cause of action, and is not an amendment to the
original petition, either of parties or cause of action. The
statutes of Missouri allow amendments, but not substi-
tutions. Revised Statutes, 1889, secs. 2098, 2099.
When an amendment is allowed and a new party
brought in—it is because such new party is necessary
together with the old party, to a complete determina-
tion. *O'Fallen v. Clopton*, 89 Mo. 290–291. It has
never been held that sections 2098, 2099 of Revised

Statutes of Missouri, authorize the court to add by way of amendment, the name of the only substantial plaintiff or defendant, as that would be in effect the substitution of an *entirely new suit* by way of amendment, which cannot be done. *Courtney v. Sheeley,* 38 Mo. App. 293; *New York & S. M. P. Ass'n v. Rem. Ag. Works,* 89 N. Y. 22; *Courtney v. Sheeley,* 38 Mo. App. 293; *O'Riley v. Diss,* 48 Mo. App. 62; *Hall v. School District No. 4,* 36 Mo. App. 2123. Revised Statutes, 1889, sec. 2196; *Clay v. Oxford,* L. R. 2 Exchequer cases, 54; *Leaird v. Moore,* 27 Ala. 326; *Dubbers v. Gaux,* Adm'r, 51 Cal. 153; *Stered v. McIntyre,* 68 Ala. 407; *Railroad v. Smith,* 40 Kan. 192; *Hansberger v. Railroad,* 43 Mo. 196; *Minter v. Railroad,* 82 Mo. 129; *Lincoln v. Railroad,* 75 Mo. 27. This liability of a stockholder is different and is a new cause of action. *Scovill v. Glessner,* 79 Mo. 452; *Parker v. Rodes,* 79 Mo. 88; *Phillips v. Brighton,* 30 Mo. App. 148; *Clements v. Greenville,* 40 Mo. App. 595; *Simes v. Fields,* 24 Mo. 557; *Holiday v. Jackson,* 21 Mo. App. 660; *Barnes v. Prewett,* 28 Mo. App. 167; *Furniture Co. v. Raddits,* 28 Mo. App. 210; *Taylor Ex. v. Taylor,* 43 Ala. 649.

SMITH, P. J.—This was a suit in trover and conversion to recover the value of a promissory note. The summons was returned without service thereof being had. Thereupon the plaintiff filed a supplemental petition wherein there was inserted the additional allegations that the loan company had no president or other officers in this state upon whom the service of process could be had, and that the defendants, McIntosh, Mackey and Hulburt were stockholders in said corporation in possession of its assets.

Summons was awarded for all the defendants, but service was had only on McIntosh. At the return term of the summons the plaintiff filed an amended

petition which alleged, in addition to the facts stated in the original petition, the further facts, that the loan company was, on the first day of June, 1891, dissolved; and that at the time of the dissolution of said corporation the defendants, McIntosh and Mackey, were each the owners of ninety-nine shares and defendant Hulburt was the owner of two shares of the capital stock of said corporation of the par value of $100 each and that there was unpaid upon each share of said stock $50. The Loan Company was omitted from the amendment as a defendant. Judgment was asked against the defendants already named who were stockholders.

The defendant McIntosh, who alone was served, appeared and filed a motion to strike out the amended petition for the following reasons: "*First.* That this action, as originally brought, was against the Missouri Mortgage Loan Company, and was on a cause of action entirely different from that set up in plaintiff's amended and last petition. *Second.* That the pretended cause of action against this defendant, is a new and different one, as set up in such amended petition. *Third.* That the parties defendant, McIntosh, Mackey and Hulburt, are entirely new parties. *Fourth.* That the bringing in of the defendants, McIntosh, Hulburt and Mackey, is a substitution of new parties, and the amended petition is a substitution of a new cause of action, and not an amendment to the original petition."

The court sustained this motion, and the plaintiff declining to further plead, judgment was rendered for the defendants and from which plaintiff has appealed.

The cause of action stated against the Loan Company in the original petition was for the wrongful conversion of a promissory note. It was good at common law and complete within itself.

It is difficult to understand the theory of the case

as stated in the supplemental petition. But this becomes unimportant since the plaintiff abandoned the cause of action therein stated, if any, and filed an amended petition in which the Loan Company was omitted and the other defendants were alone proceeded against, upon the theory that the corporation was dissolved and that they were stockholders, whose stock was partly unpaid.

At common law the amended petition stated no cause of action. It, however, stated a cause of action under section 2519, which provides: "If any company formed under this chapter (chapter 42) dissolve, leaving debts unpaid, suit may be brought against any person or persons who were stockholders at the time of such dissolution without joining the company in such suit." This section was intended, no doubt, to give the creditors of a corporation who had no judgment against it, a similar remedy against the stockholders therein whose stock has not been paid in full as that given to creditors having a judgment against it under section 2517. If the corporation is alive a judgment may be recovered against it and the delinquent stockholders reached under the last named section. If, however, it is defunct, then section 2519 gives an action directly against the delinquent stockholders. It would, therefore, seem that the amendment stated a good cause of action against the defendants.

Now, as has already been stated, the original cause of action was one at common law against a live corporation, while that set forth in the amendment is one against the delinquent stockholders of a defunct corporation. So the question is whether this amendment was permissible under the statute.

The statute (section 2098), while liberal in allowing amendments of pleadings, expressly forbids an amendment to be made which changes "substantially the

claim or defense." Whether the amendment be compared with the original or the supplemental petition, it will be observed that the former changes substantially the claim made by the plaintiff in the latter. The first two pleadings stated a cause of action at common law while the amendment stated one under the statute.

We have the same plaintiff but an entire change in the defendants. The corporation being dissolved, of course it could not be joined with the stockholders who are made sole defendants in the amendment, for the plain reason that no cause of action existed against them until after the dissolution. The foundation of the cause of action, it is true, was the original wrong committed by the corporation; but when the suit was commenced it was defunct and so could not be sued. It could not, therefore, be joined with the other defendants, who could be sued. The plaintiff was compelled to resort to a cause of action given alone by statute and without which no action could have been maintained against the new defendants. It was undoubtedly a substantial change of the plaintiff's original claim.

The claim stated in the original and supplemental petition could not have been made the foundation of the action stated in the amended petition. The amended petition stated a new cause of action under the statute in favor of the plaintiff against defendants that did not exist when the original and supplemental petition was filed as appears by the allegations of the latter. The change is radical and substantial, both as to matter and parties, and, we think, was not permissible under the statute.

We are, therefore, of the opinion that the circuit court did not err in striking out the amended petition, and hence the judgment must be affirmed. All concur.