JORDAN, Admx., Defendant in Error, v. CHICAGO & ALTON RAILWAY COMPANY, Plaintiff in Error.

St. Louis Court of Appeals, March 1, 1904.

1. AMENDMENTS: Changing Cause of Action: Substituting One Party Defendant for Another. In a suit against the "Chicago and Alton *Railroad* Company," a corporation, the petition stated a cause of action against it, and that corporation answered to the suit. The plaintiff, on motion, was permitted to amend its petition, the original summons and the return of the sheriff, showing that the defendant was the "Chicago & Alton *Railway* Company," another corporation. The substituted defendant, after an unavailing motion to strike out its name as defendant in the petition, writ and return, filed an answer to the amended petition, containing a general denial and plea in abatement to the jurisdiction of the court. *Held,* that the amendment substituting one defendant for another was the substitution of a different cause of action from that set forth in the original petition and should not have been permitted without proof of the averments of plaintiff's motion to amend, showing that the last named corporation was the one served with process.

2. PRACTICE: Plea in Abatement: Waiver. A defendant does not waive his right to plead in abatement of the action by pleading in bar and proceeding to trial upon the merits, but may unite in the same answer matter in abatement with matter in bar.

3. MALICIOUS PROSECUTION: Malice and Want of Probable Cause. In an action for damages for malicious prosecution, the plaintiff, in order to maintain his action, must allege and

prove, on the part of the defendant, both that the prosecution complained of was malicious and that it was without probable cause, though malice may be inferred from facts which show want of probable cause.

4. ——: ———. The evidence in this case is examined and shows conclusive proof of probable cause, that it was wholly without malice and the verdict wholly unsupported by the evidence.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes*, Judge.

REVERSED.

*F. Houston* for plaintiff in error.

(1) There is no power possessed by a court, or by a judge, to substitute a right party for a wrong party, plaintiff or defendant. This is a plain case of the substitution of a new party by the court, and not a question of amendment as counsel for defendant in error contends. Dicey on Parties, p. 522, rule 114; Thompson v. Allen, 86 Mo. 85, citing 73 Mo. 688; Hajek v. Benevolent Society, 66 Mo. App. 568. (2) Nor does the defendant waive its right to plead to the jurisdiction by answering on the merits, or by failing to except, or by answering over and including in its answer a renewal of its plea to the jurisdiction, or by answering to the merits. Christian v. Williams, 35 Mo. App. 297; Byler v. Jones, 79 Mo. 261. (3) In an action for malicious prosecution, as this is, both malice and want of probable cause must be shown—want of probable cause alone is not sufficient—malice is also necessary and must be shown. There must be affirmative proof of both these facts. They must be shown as any other facts and both must concur. Riney v. Vallandingham, 9 Mo. 816; Frissell v. Relfe, 9 Mo. 860; Hill v. Palm, 38 Mo. 13; Sparkling v. Conway, 75 Mo. 512; Scovill v. Glasner, 79 Mo. 449; Moody v. Deutsch, 85 Mo. 237; Peck v. Chouteau, 91 Mo. 138; Grant v. Rinhart, 33 Mo. App. 74. (3)

The plaintiff must show malice in beginning or continuing the prosecution. Without malice there can be no recovery. Sharpe v. Johnson, 59 Mo. 557; s. c., 76 Mo. 660; Van Sickle v. Brown, 68 Mo. 627; Nolen v. Kaufman, 70 Mo. App. 651. (4) Malice means that the wrongdoer not only intended to do the act shown to be wrongful, but also that he knew it to be wrongful when he did it. Witaschick v. Glass, 46 Mo. App. 209. While malice might be inferred from want of probable cause, the want of probable cause can not be inferred from proof of malice; and there is absolutely no proof of any malice whatever in this case. Casperson v. Sproule, 39 Mo. 40. The defendant is not required to prove want of both malice and probable cause. If either is wanting, the action must fail. Renfro v. Prior, 22 Mo. App. 403. (5) Plaintiff's guilt is not a controlling issue. Malice and probable cause are the controlling factors. Malice must be shown. It is not a legal inference. And when good faith in beginning or continuing the prosecution is shown, no malice can arise. McGarry v. Railway, 36 Mo. App. 340; Talbott v. Plaster Co., 86 Mo. App. 558.

*P. H. Cullen* for defendant in error.

(1) The court did not err in permitting plaintiff to amend his petition, etc., so as to make the name of the defendant read the Chicago & Alton *Railway* Co. instead of the Chicago & Alton *Railroad* Co. R. S. 1889, sec. 657; Railroad v. Prapst, 83 Ala. 518; Railroad v. Mahoney, 89 Tenn. 311, 15 S. W. 652; Parks v. Railroad, 59 Am. & Eng. R. Cas., 616, 82 Wis. 219; Railroad v. Rohrman (Pa.), 12 Am. & Eng. Cas., 177; Railroad v. McCall, 89 Ala. 375; Johnson v. Railroad, 74 Ga. 397; Chicago v. Railroad, 89 Ind. 88. (2) The Missouri doctrine is as liberal as the doctrine of any other State. Green v. Supreme Lodge, etc., 79 Mo. App. 181; School v. Wallace, 75 Mo. App. 317; Davis v. Boyce, 73 Mo.

App. 563; Meyer Bros. v. Ins. Co., 73 Mo. App. 166; Whitehill v. Keen, 79 Mo. App. 125; Colbert v. Railroad, 78 Mo. App. 178; Fears v. Riley, 148 Mo. 59; Weber v. City of Hannibal, 83 Mo. 262; State v. Shelby, 75 Mo. 482; Holders v. Julian, 53 Mo. 241; Battle v. Hill, 60 Mo. 72; Lilly v. Tobbeen, 103 Mo. 477; Stone v. Ins. Co., 78 Mo. 655; Evoy v. Express Co., 21 N. J. Sup. 641. (3) The record shows that appellant answered the amended petition and submitted itself to the jurisdiction of the court and thereby waived all right, if any it had, to object to the ruling permitting the amending of the petition, etc. Mankameyer v. Egelhoff, 161 Mo. 200; Hurley v. Railway, 57 Mo. App. 680. (4) Malice may be established to such an extent as to support an action of malicious prosecution, although there is no proof of personal hatred, ill will, spite or vindictiveness. Haddrich v. Heslop, 12 Q. B. 267, 64 E. C. L. 267; Johnson v. Eberts, 11 Fed. 217; Lunsford v. Deitrich, 93 Atl. 565, 30 Am. St. Rep. 79; Foster v. Pitts, 63 Ark. 387; Harpham v. Whitney, 77 Ill. 32; Burhans v. Sanford, 19 Wend. (N. Y.) 414; Gee v. Culver, 13 Ore. 598; Forbes v. Hogman, 75 Va. 168; Speers v. Hiles, 67 Wis. 350. (5) In the action under consideration malice has a technical meaning and the defendant railroad correctly defined it in its own first instruction. Stockley v. Hornridge, 8 C. & P. 1134, E. C. L. 272; Noble v. White, 103 Iowa 361; Beiring v. Galveston Bank, 69 Tex. 599.

STATEMENT.

This proceeding was inaugurated December 7, 1900, returnable to the January term, 1901, for damages for malicious prosecution upon charges of petit larceny alleged to have been committed July 5 and 7, 1900; the suit was brought against the Chicago & Alton Railroad Company, and the summons was issued against and the

return showed services upon the railroad company, which was alleged to be a corporation under the laws of the State of Illinois. At the return term the railroad company, defendant, answered by a plea in abatement, averring that it appeared for that purpose only and that plaintiff ought not to have or maintain the action for the reasons that at the time of the commencement thereof, defendant was a corporation under the laws of the State of Illinois and was not at the time of the alleged injuries, nor had it since been, nor was it then operating a railroad or doing business in the State of Missouri, and the answer concluded with a general denial. Thereupon plaintiff moved to allow the amendment of the petition, summons and return in the cause by correcting (as averred) a mistake in the name of the defendant in this, that therein the defendant was named the ''Chicago & Alton Railroad Company'' and that the real name of the defendant was the ''Chicago & Alton Railway Company'' and that the latter was the corporation sued and intended to be sued, and the summons was actually served upon an agent of the Chicago & Alton Railway Company, which is an Illinois corporation, and that in calling the defendant a railroad company instead of a railway company, plaintiff made a mistake; but that the Chicago & Alton Railway Company was then and had been for a long space of time known as the Chicago & Alton Railroad Company, and by such last named title, defendant had transacted its business and exercised its corporate franchises and proclaimed to the plaintiff and the public that its real name was the ''Chicago & Alton Railroad Company'' and was better known and conducted more business under said last name than under its legal name, by all of which plaintiff was led into the error of calling it ''railroad'' instead of ''railway'' company.

This motion without any evidence thereon was sustained, plaintiff granted leave to file an amended peti-

tion, and amend the original summons and return, and the sheriff, by leave of court, amended his return on the original summons, to which action and the rulings of the court in sustaining such motion and substituting the name of the Chicago & Alton Railway Company for that of the Chicago & Alton Railroad Company, as defendant in the original writ of summons and return filed, and in permitting plaintiff to amend such petition, writ and return, defendant duly saved its exceptions.

The clerk of the court, in turn, amended the original writ by substituting for the words "Chicago & Alton Railroad Company" as originally written, the words "Chicago & Alton Railway Company" over the exceptions of defendant. Thereupon plaintiff filed an amended petition, substituting the Chicago & Alton Railway Company as defendant, in lieu of the railroad company, but no summons was issued for the substituted defendant. Defendant then filed a motion to strike out its name as defendant in the amended petition, writ and return, alleging its appearance for that purpose only, and assigning that the original petition stated a cause of action against the Chicago & Alton Railroad Company, a different corporation also existing under the laws of the State of Illinois, and the original writ in the cause was issued against, directed to and summoned the Chicago & Alton Railroad Company, and the original return on such original writ showed service upon the Chicago & Alton Railroad Company to appear and answer said original petition, and the Chicago & Alton Railroad Company appeared and answered the original petition, and the court had no power to allow the amendment of the original petition, writ and return by substituting the name of the Chicago & Alton Railway Company as party defendant, for that of the Chicago & Alton Railroad Company; for the Chicago & Alton Railway Company had not been served with process as required by law, nor had it appeared therein, the suit and sum-

mons being directed against another company the recent lessor, and the substitution of the Chicago & Alton Railway Company for the original defendant railroad company by amendment, was a substitution of one cause of action for another and of one defendant for another. The court refused to permit the introduction of the evidence tendered to sustain such motion and overruled it, and the defendant railway company filed a motion to quash the sheriff's amended return, assigning that neither upon the face of the return nor upon the face of the petition and writ served as shown by the original petition, writ and return thereto attached, had a petition or writ directed to the defendant been served by the sheriff as shown by the original return, but the original petition and writ so served by the sheriff were directed to and against the Chicago and Alton Railroad Company, and no petition and writ of summons had been issued from the court against the Chicago & Alton Railway Company, nor had any copy of any petition or writ against the Chicago & Alton Railway Company been served upon the agent of the Chicago & Alton Railway Company, except the original petition and writ against the Chicago & Alton Railroad Company, nor had any copy of the petition and writ as amended, making the railway company defendant in the cause, ever been served upon defendant, all such facts appearing by the pleadings, writs and returns, original and amended.

The court refused to hear the evidence offered to establish the grounds assigned, and overruled the motion to quash the amended petition, writ and return, and the defendant filed an answer to the amended petition, again pleading in abatement that the court had no jurisdiction in the cause over defendant, the railway company, because the original petition therein stated a cause of action against the Chicago & Alton Railroad Company, another corporation, and the original writ in the

cause was issued against, directed to and commanded such other corporation, the Chicago & Alton Railroad Company, to appear and answer therein; that the original return on said original writ recited and showed service upon the Chicago & Alton Railroad Company, which appeared and answered such original petition; that the court had no power to allow the amendment of such original petition, writ and return by substituting the name of the Chicago & Alton Railway Company as party defendant for the name of the Chicago & Alton Railroad Company; that the Chicago & Alton Railway Company since the filing of the petition had not been served with process as required by law, nor had it appeared except by this answer under compulsion of the court, and that the substitution of the railway company for the original defendant, the railroad company as defendant, by amendment, was a substitution of one cause of action for another and of one defendant for another, without the service of process as required by law.

Defendant incorporated in the same answer, in addition to the foregoing plea in abatement, a general denial and an affirmative plea of good faith on its part, and that the prosecution was instituted by the duly qualified and acting prosecuting attorney of Audrain county, upon a full investigation of the facts.

A motion to strike out the plea in abatement as constituting no defense to plaintiff's cause of action was filed and sustained by the court over defendant's exceptions, and the cause proceeded to trial before a jury, the issues being joined by a general denial by way of reply, and a verdict for plaintiff for $250 compensatory damages and $750 punitive damages, was awarded.

REYBURN, J. (after stating the facts as above). —1. The statutory provisions governing amendments are very liberal in this State and are intended to cure defects of form and in many instances upon timely ap-

plication, to afford relief against, and permit many corrections of errors of substance. But the section, 657, invoked in support of the action of the lower court, excludes and in terms prohibits amendments which substantially change the cause of action or defenses thereto even before judgment; and thereunder a party can not be permitted to substitute a different cause of action in an amended petition from that set forth in the original petition. Heman v. Glann, 129 Mo. 325.

Herein the original petition declared upon a cause of action against one corporation, and the amended petition recited a cause of action against a different corporation of a similar corporate name. When the original defendant filed its answer, the action of respondent was in effect an admission of the facts therein pleaded in abatement; it then became apparent that in bringing suit against the owner, formerly operating the railroad and lessor of the present defendant, the wrong party had been brought into court and the cause of action, if any existed, was against the lessee and successor in the conduct and control of the railroad whose agents and servants' actions were the subject of complaint. Had plaintiff, on discovering the error, dismissed as to the defendant first named, it is manifest that the court would have been powerless to permit an amendment of the petition naming as defendant therein the present appellant, and bring the latter into court without a writ of summons against it by name, yet in substance and effect, no different situation would under such condition have been presented than is now exhibited here. The defendant against which the action was brought and the process of court was directed, appeared and presented reasons which, if established or conceded, precluded the further successful prosecution of the action; and plaintiff recognizing the force of the defense presented, abandoned the proceeding against the defendant appearing and invoked the aid of the court to interpose

another and different corporation as defendant to the action already pending, in lieu of the defendant then before the court. No cause of action was contained in the original petition against the substituted defendant, nor was any recovery possible against it thereunder and it would seem plain, therefore, that if the plaintiff intended to prosecute the action against the new defendant, legal process issued against it and service thereof according to law were as essential prerequisites as the amendment of the allegations of the complaint to comprehend the defendant and to bring it within the jurisdiction of the court. The appellant was not before the court, either by service of summons or by voluntary appearance, the only two methods by which personal jurisdiction can be lawfully obtained. A change of defendants was such a substantial change of the plaintiff's claim as to constitute a new action, and an amendment of the original petition for such purpose is not warranted by the law of amendments and should not be tolerated.

In the case of Green v. Supreme Lodge, etc., 79 Mo. App. 179, to which we are referred, the defendant's full corporate name was not recited, and the plaintiff was merely permitted to perfect it by amendment. The authority is not in point in support of the power of amendment extending to the length of substituting another defendant in lieu of the defendant answering and before the court. If the railway company was the corporation in truth and in fact sued and the summons was actually served upon its agent, in such event upon due proof of those facts, the action of the lower court might have been justified; but the court was not warranted in assuming the truth or existence of the averments of plaintiff's motion to amend without proper proof and erred in sustaining it without hearing testimony.

2.   The appellant had reserved and insisted on its rights throughout to plead to the jurisdiction and ex-

pressly appeared specially for that purpose, nor was it put upon the election at its peril, after the plea in abatement and motion to quash had been overruled, to abide by such action and decline to plead over, or by pleading in bar waive its rights in abatement and proceed to trial upon the merits. By reserving its plea to the jurisdiction in the answer, its rights were preserved and not waived thereto by pleading to the merits. The rule is not uniform and varies in other jurisdictions; but in this State under the latest decision of the Supreme Court, a defendant may unite in the same answer, matter in abatement with matter in bar. Christian v. Williams, 111 Mo. 1. c. 443.

It follows, therefore, that after the adverse ruling of the court upon the objection to the illegality of the service, defendant expressly reserving all right to such objection did not abandon the plea in abatement by answering to the merits and going to trial thereon, and especially would such position appear tenable and reasonable where, as in this State, the right of appeal is not conferred from an order of the trial court overruling the plea in abatement. Cyclopedia of Law & Procedure, vol. 1, Abatement & Revival, pp. 130, 136 and cases cited. Johnson v. Detrick, 152 Mo. 243.

3. The evidence disclosed that the defendant had employed a special agent to investigate, at directions of its superintendent, losses occurring of its property and after preliminary examination and inquiry, such agent made an affidavit upon which an information was prepared by the prosecuting attorney of Audrain county, and a warrant charging plaintiff, now deceased, with petit larceny issued by a justice of the peace before whom a trial resulted in acquittal of the accused. It has been held repeatedly by the Supreme Court of this State that malice and want of probable cause are both essential elements, which must concur in an action for malicious prosecution, although the former may be an

inference from the proof of facts establishing want of probable cause. ''In order to support such an action as that of the case at bar, two ingredients must come together: first, malice on the part of the prosecutor: second, want of probable cause for the prosecution. Absent either of these, the action for malicious prosecution fails. But when you establish proof of want of probable cause, then the jury may infer malice from the facts which go to make up such proof of such want. And where there is affirmative proof of the want of probable cause, then a defendant can be called on for his defense." Stubbs v. Mulholland, 168 Mo. 47. Again, ''It is a proposition too well settled to require the citation of any authorities in its support, that the existence of malice and the want of probable cause are both necessary to the maintenance of an action for malicious prosecution. They are distinct and essential ingredients of this private wrong. If there be reasonable or probable cause, no malice, however distinctly proved, will make the defendant liable. The proof of malice does not establish the want of probable cause, nor does the proof of want of probable cause necessarily establish the existence of malice. That is to say, malice is not an inference of law from the want of probable cause. Malice, however, need not be proved by direct and positive testimony, but may be inferred from the facts which go to establish the want of probable cause; and this is all that is meant when it is said that malice may be inferred from the want of probable cause."' Sharp v. Johnston, 59 Mo. 557.

We do not deem it necessary to summarize the facts exhibited by this record, but consider it sufficient to state that there is abundant and conclusive proof of probable cause, and that the special agent of defendant, in making the affidavit acted cautiously, wholly without malice toward the accused, who was unknown and a stranger to him, but with a reasonable and justifiable

belief and upon probable cause of the guilt of the accused, a belief shared by the prosecuting attorney as shown by the latter in preparing and filing the information. The verdict is wholly unsupported by the evidence, the demurrer to the evidence should have been sustained and the judgment is accordingly reversed. *Bland, P. J.,* and *Goode, J.,* concur.