## CHATFIELD v. CLARK.

1. C filed an application to enjoin A and B from dispossessing him under a dispossessory warrant sued out by them jointly. A restraining order was granted, and before the hearing on the application for injunction B died, and C moved to postpone the case until parties could be made. *Held*, that the interlocutory hearing could properly proceed to determine the question whether A should be enjoined notwithstanding the death of B.

2. One in possession of real property, having no title thereto or interest therein, but occupying merely the relation of an agent or caretaker of the premises for the owner, can not in his own name institute an action to enjoin a proceeding sued out against such agent as a tenant of another.

Argued July 1,—Decided August 5, 1905.

Petition for injunction. Before Judge Reagan. Pike superior court. May 19, 1905.

Clark and his wife Ida claimed title to a house and lot in Barnesville, and sued out a dispossessory warrant to evict Maria Chatfield as a tenant holding over. Maria Chatfield filed a petition praying that the Clarks be enjoined from prosecuting the dispossessory warrant. Clark's wife died before the hearing, and when the injunction case was called the plaintiff moved for a continuance until the legal representative of Clark's wife could be made a party. This motion was denied. At the hearing it appeared that the Clarks had a deed to the property in controversy from Jeff Walker, who had died since making the deed; that before his death he had promised to give Maria Chatfield the rent of the house for services rendered to him; and that after his death his son and sole heir had asked her to take care of the place and live in the house until he returned home. The plaintiff attacked the deed to the Clarks, on the ground that Jeff Walker was not of sound mind when he made it. On this question the evidence was conflicting. It was also shown that Clark was insolvent, and that Maria Chatfield was unable from poverty to give bond in the dispossessory-warrant proceeding. The judge refused to grant an injunction, and Maria Chatfield excepted, assigning error also upon the refusal to grant a continuance.

*W. W. Lambdin*, for plaintiff.

*A. A. Murphey* and *J. M. Smith*, for defendant.

COBB, J.    1. "It is a principle of equity that the death of one defendant only abates the proceeding quoad him." *Howard* v.

*Bank, R. M. Charl.* 216.　If the suit is of such a character that it is possible to make a final decree against the surviving party, it is not necessary to revive the suit against the legal representative of the deceased party; but the rule is otherwise where the deceased defendant is a necessary party to the determination of the controversy. 5 Enc. P. & P. 840. As the dispossessory warrant was sued out jointly by the Clarks claiming to be joint owners of the property, and the present petition was an application to enjoin that proceeding, no final decree could properly be rendered in the present case until the legal representative of Ida Clark was made a party. But the death of Ida Clark and the abatement of the suit as to her would not be a sufficient reason to postpone a hearing of the application for an injunction, where the surviving husband was seeking to revoke a restraining order which had been granted as to him. The restraining order was granted against both the husband and the wife. It was still in force against the husband, notwithstanding the death of the wife; and while the case as to parties was not ripe for final decree, there was no good reason why the surviving defendant, who was still restrained by an order of the court, should not have the right to be heard on the question as to whether the restraining order should be continued in force as to him. Nothing done at this hearing would bind in any way the legal representative or heirs of Ida Clark, who were no parties to the proceeding, and the surviving husband had the right to ask that the restraining order as to him be dissolved, in order that he might assert whatever rights he had in the dispossessory-warrant proceeding. Whether the death of Ida Clark would abate the dispossessory warrant at the stage of the case at which the injunction was granted we need not now determine, but we have no doubt that the surviving husband had the right to insist on a hearing of the application to dissolve the restraining order, notwithstanding the death of his wife.

2. The plaintiff was only an agent of one claiming to be the owner. She had no interest in the property, either as tenant or otherwise. 18 A. & E. Enc. Law (2d ed.), 166. She was a mere caretaker. Her possession was the possession of her principal, and upon his possession she could defend against the dispossessory warrant; and if the ownership of the principal and her possession in his behalf were established, the dispossessory

proceeding of the Clarks would fail. Of course if she entered under the Clarks, or, after entering, the relation of landlord and tenant arose between them, she could not dispute their title and defeat the dispossessory warrant by showing title in another. But if she was a mere agent or caretaker having no beneficial interest in the property, she certainly has no standing in a court of equity as a plaintiff in her own name seeking to enjoin a proceeding brought by others who claim to own the property. See, in this connection, *Cunningham* v. *Elliott*, 92 *Ga.* 159; 2 High on Inj. (3d ed.) § 1547. Her rights were purely defensive. She could not become the actor, such a position being one which the law authorizes only her principal to assume. Had it appeared that the plaintiff had title to the property, or claimed possession in her own right, a different question would have been presented. See, in this connection, *Gilmore* v. *Wells*, 78 *Ga.* 197; *Brooks* v. *Stroud*, 111 *Ga.* 875; *Brown* v. *Watson*, 115 *Ga.* 592; *Johnson* v. *Thrower*, 117 *Ga.* 1009. It appearing from the uncontradicted evidence that the plaintiff was at most a mere agent or caretaker for another, and had no interest in the property, it was not error to deny the injunction.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*