HERBERT C. CLARK, Treasurer, *vs*. JOHN W. ANDERSON.

Knox.    Opinion November 2, 1907.

*Replevin. Plaintiff. Amendments. R. S., chapter 84, section 11; chapter 98, section 8.*

A person who has neither title to the property, general or special, nor the right to possession, cannot maintain replevin.

The statutes of this State providing for amendments as to plaintiffs do not allow an amendment the effect of which would be to strike out the sole plaintiff in the writ and substitute in his place a new plaintiff.

In the case at bar, which is an action of replevin, the defendant was summoned "to answer unto Herbert C. Clark, Treasurer of said City of Rockland, for said City of Rockland, and duly authorized and empowered thereto by a vote of the City Council of said City of Rockland," and the principal in the replevin bond was described therein as, "I, Herbert C. Clark, Treasurer of the City of Rockland as principal."

*Held:* That Herbert C. Clark, Treasurer of the City of Rockland, is the plaintiff in the action and that the writ cannot be amended by making the City of Rockland the plaintiff in name.

That part of Revised Statutes, chapter 84, section 11, providing that "in all civil actions the writ may be amended by inserting additional plaintiffs" applies only where a party is to be added to, joined with, the existing plaintiff, or plaintiffs, with a bona fide intention that the action is to be

prosecuted by all the plaintiffs, the original as well as the additional ones. It does not apply where the bringing in of a new party plaintiff would make a misjoinder.

On report.    Plaintiff nonsuit.

Replevin for a horse alleged to belong to the City of Rockland. The action was brought in the name of "Herbert C. Clark, Treasurer of said City of Rockland, for said City of Rockland, and duly authorized and empowered thereto by a vote of the City Council of said City of Rockland."

The cause came on for trial at the April term, 1907, of the Supreme Judicial Court, Knox County, and after agreeing upon certain facts the case was reported to the Law Court for decision.

The case fully appears in the opinion.

*Edward B. Burpee*, for plaintiff.

*Arthur S. Littlefield*, for defendant.

SITTING :    EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

KING, J.    Action of replevin for a horse.    The defendant was summoned "to answer unto Herbert C. Clark, Treasurer of said City of Rockland, for said City of Rockland, and duly authorized and empowered thereto by a vote of the City Council of said City of Rockland, in a plea of replevin for that the said John W. Anderson, on the sixteenth day of April, 1906, at said Rockland, unlawfully, and without any justifiable cause, took the goods and chattels of the said City of Rockland as aforesaid, and them unlawfully detained to this day, to the damage of the said City of Rockland as he says, the sum of three hundred dollars."

The principal in the replevin bond is described therein as, "I, Herbert C. Clark, Treasurer of the City of Rockland, . . . . for said City of Rockland, . . . . as principal."    The conditions of the bond are, to prosecute the suit to final judgment, return and restore the property, in case such shall be the final judgment, "and pay such costs and damages as the said John W. Anderson shall recover against him."

The case comes before the Law Court upon report in which it is stipulated :

"The evidence for the plaintiff would show the horse replevied to be the property of the City of Rockland, and not of Herbert C. Clark, Treasurer, but that the Treasurer, the plaintiff, was authorized by the City to bring this action. The plaintiff moves to amend the writ by making the City of Rockland the plaintiff in name.

"If upon the above evidence the action can be maintained in its present form, or if the amendment asked for can be allowed, the action is to stand for trial with or without amendment as the Court may decide ; otherwise the plaintiff is to be nonsuit with judgment for return."

1.    The action is brought in the name of Herbert C. Clark, Treasurer of the City of Rockland, for the City of Rockland. Herbert C. Clark, Treasurer of the City of Rockland, is the plaintiff.    The language of the writ and replevin bond admits of no other construction.

The report shows that the plaintiff in the action, Herbert C. Clark, Treasurer, had no title to the property replevied, and there is no evidence or suggestion that he had the right to the possession of it.

The action of replevin of goods is authorized, by our statutes, to be brought by "the owner or person entitled to the possession thereof."    R. S., chap. 98, sect. 8.

It is also an elementary principle that one who has neither title to the property, general or special, nor the right to possession, cannot maintain replevin.    1 Chitty Pl. 238 ; *Wyman* v. *Dorr*, 3 Maine, 183 ; *Marson* v. *Plummer*, 64 Maine, 315 ; *Webber* v. *Read*, 65 Maine, 564 ; Am. & Eng. Encyl. Law (2d Ed.) 24, page 483, and cases cited.

The action in its present form cannot be maintained because the plaintiff therein had neither title, nor the right of possession, to the property replevied.

2.    The plaintiff moves to amend the writ by making the City of Rockland the plaintiff in name.

It is suggested in behalf of the plaintiff that the writ may be amended by striking out the words, "Herbert C. Clark, Treasurer of, . . . . for said city of Rockland, and duly authorized and empowered thereto by a vote of the City Council of said City of Rockland," as surplusage, leaving "said City of Rockland" as the plaintiff in name. The infirmity of this suggestion is that the words asked to be struck out are not surplusage, and can not be treated as such. They are material. By them alone is the plaintiff in the writ described. Strike them out and the writ would be materially changed; it would then describe a different plaintiff, and would become in effect another writ.

Again it is suggested that the name of the City of Rockland may be incorporated into the writ by amendment as a plaintiff, either with the existing plaintiff, or as the sole plaintiff.

The only power conferred upon the court to allow amendments as to plaintiffs is found in R. S., chap. 84, sec. 11, which provides:

"In all civil actions the writ may be amended by inserting additional plaintiffs, or by striking out one or more plaintiffs, when there are two or more, and the court may impose reasonable terms."

The application of this statute, as to inserting plaintiffs, is apparent from the expression used, "additional plaintiffs."

It applies only where a party is to be added to, joined with, the existing plaintiff, or plaintiffs, with a bona fide intention that the action is to be prosecuted by all the plaintiffs, the original as well as the additional ones.

Hence, the statute does not apply where the bringing in of a new party plaintiff would make a misjoinder. In the case at bar if the City of Rockland should be inserted as an additional plaintiff, within the proper meaning of this statute, then there would be a misjoinder of plaintiffs, because the action cannot be maintained by the existing plaintiff.

But the real purpose of the amendment is, and its effect would be, to strike out the sole plaintiff in the writ and substitute in his place the City of Rockland.

Such an amendment is not permissible. The statute does not authorize it. This court has expressly so decided in the recent case

of *Fleming* v. *Courtenay*, 98 Maine, 401.  In the opinion in that case (page 413) it is said :

"Our statutes in relation to amendments are very liberal and allow the summoning in of additional defendants, or the coming in of additional plaintiffs, and even the striking out of one or more plaintiffs, when there are two or more, but they do not allow the substitution of one party plaintiff or defendant for another."

Lastly.  Were the amendment permissible it could not be justly allowed.  The action is replevin.  The bond required by statute was given by the existing plaintiff in the writ, with conditions applicable only to the writ in its present form.  With the amendment allowed the bond would be a nullity, and the defendant would be thereby deprived of the protection which he now has, and which the statute has expressly provided shall be secured to a defendant in replevin.

In *Wendell* v. *Mugridge*, 19 N. H. 109, it is said :  "Amendments are not to be made if injustice would thereby be done to any one."  In *Hayford* v. *Everett*, 68 Maine, page 508, it is said: "It is quite universally declared in the cases that an amendment is to be allowed or disallowed according as it is or is not ' in the furtherance of justice.'  There can be no other rule."

It is the decision of the court that the action can not be maintained in its present form, neither can the amendment asked for be allowed, and in accordance with the stipulation of the report the entry must be,

*Plaintiff nonsuit.*
*Judgment for return.*