## DAVIDSON v. PAYNE, Agent, etc.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1923.)

No. 6148.

**1. Evidence ☞44—Judicial notice taken of resignation of federal agent for railroads.**

The court takes judicial notice that John Barton Payne, on March 28, 1921, resigned as Agent designated by the President pursuant to Transportation Act 1920, § 206, against whom suits might be brought on causes of action arising out of the operation of the railroads by the President during the World War.

**2. Railroads ☞5½, New, vol. 6A Key-No. Series—Action against federal agent after resignation held improper.**

Where suit for injuries in service of Director General of Railroads was brought against defendant after his resignation as Agent designated by the President under Transportation Act 1920, § 206, suit was against the wrong party, and demurrer to the complaint was properly sustained.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by Benjamin P. Davidson against John Barton Payne, Agent, etc. Judgment for defendant (281 Fed. 544), and plaintiff appeals. Affirmed.

J. H. Brady and Arthur J. Mellott, both of Kansas City, Kan., for appellant.

R. W. Blair, T. M. Lillard, and O. B. Eidson, all of Topeka, Kan., and A. L. Berger, of Kansas City, Kan., for appellee.

Before STONE, Circuit Judge, and TRIEBER and JOHNSON, District Judges.

JOHNSON, District Judge. The appellant in 1918 was in the service of the Director General of Railroads as a repair man in the yards of the Union Pacific Railroad Company at Kansas City, Kan. On the 5th day of December, 1918, while in the performance of his work, appellant was injured, and on the 21st day of April, 1921, he brought this suit in the state court (afterwards removed to the court below) for compensation under the provisions of the Workmen's Compensation Act of the state of Kansas (Laws Kan. 1911, c. 218, as amended by Laws Kan. 1913, c. 216).

The defendant demurred to the complaint on two grounds: First, that it did not state facts sufficient to constitute a cause of action; and, second, that the pretended cause of action stated in the complaint was barred by the statute of limitations of the state of Kansas. The court below held that the suit was barred by the statute of limitations, and on the 20th day of April, 1922, entered judgment accordingly. From the judgment, appellant has appealed the case to this court.

[1] It has been suggested, and the court takes judicial notice, that John Barton Payne, on March 28, 1921, resigned as Agent, designated by the President pursuant to section 206 of the Transportation Act of 1920 (41 Stat. p. 461), against whom suits might be brought on causes of action arising out of the operation of the railroads by the President during the World War. He was succeeded by James C. Davis. On January 23, 1923, the defendant, John Barton Payne, filed in this court a motion to dismiss the appeal on the ground that the action had been pending in the court below and in this court for more than 12 months since the date of his resignation as Agent designated by the President for the purposes aforesaid, and that no substitution of his successor has been made in accordance with the act of Congress entitled "An act to prevent the abatement of certain actions" (30 Stat. p. 822 [Comp. St. § 1594]), and in support of the motion cites John Barton Payne, Agent, etc., v. Industrial Board of Illinois, 258 U. S. 613, 42 Sup. Ct. 462, 66 L. Ed. 607, 22 A. L. R. 879; Le Crone v. McAdoo, 253 U. S. 217, 40 Sup. Ct. 510, 64 L. Ed. 869.

[2] The statute and cases cited are not applicable to the situation

presented by the record in this case. This is not a case where the plaintiff has failed to move the substitution of the successor of the defendant Payne as Agent within 12 months from 'the date of his resignation. It is a case where John Barton Payne has been sued as such Agent after he had resigned the office and after his successor, Davis, had been appointed. Since his resignation on March 28, 1921, John Barton Payne has had no authority to represent the President or the United States in any litigation arising out of the operation of railroads during the World War. Appellant brought suit against the wrong party, and must abide the consequences of his mistake. N. Y. S. M. Milk Pan Ass'n v. Rem. Ag. W'ks, 89 N. Y. 22; Zukowski v. Armour, 107 Ill. App. 663; Jordan v. Chicago & A. Ry. Co., 105 Mo. App. 446, 79 S. W. 1155; Hall v. School Dist. No. 4, 36 Mo. App. 21; Hunnicutt et al., Commissioners, v. Stone, Ordinary, 85 Ga. 435, 11 S. E. 663.

The suit cannot be maintained against John Barton Payne, and the court below did not err in sustaining his demurrer to the complaint.

Judgment affirmed.