CHARLES E. MEYER, Appellant, v. OREGON INTERURBAN RAILWAY COMPANY, PAUL FRYE and T. J. LOWDEN, Respondents.*

Kansas City Court of Appeals. May 4, 1925.

1. **PLEADING**: Amendments: Rule is to Allow Amendments. The rule is to allow amendments; the exception to refuse them.

2. ———: ———: Statute Held Not to Authorize Court to Add by Way of Amendment Name of Different Party Plaintiff as Same Would Amount to Substitution of Parties. In an action to restrain defendants from cutting and removing from land valuable timber standing thereon, under section 1274, Revised Statutes 1919, court was not authorized to permit amendment by adding the name of a different party plaintiff; the nominal plaintiff not owning the land had no right of action and there was nothing to amend.

---

*Corpus Juris-Cyc. References; Pleading, 31 Cyc., p. 367, n. 1; p. 475, n. 15.

Appeal from the Circuit Court of Holt County.—*Hon. Guy B. Park,* Judge.

AFFIRMED.

*Harry M. Dungan* and *Eastin & McNeely* for appellant.

*Tibbels & Bridgeman* for respondents.

ARNOLD, J.—This is an appeal from the action of the trial court in dissolving a temporary injunction. Plaintiff sought to restrain defendants from cutting and removing from certain tracts of land described in the petition, valuable walnut timber standing thereon.

The petition alleges plaintiff, in 1908, made one deed and in the year 1909, made another, conveying by each a small tract of land for railroad right of way and depot grounds; that defendant, the Oregon Interurban Railway Company was organized as a railroad corporation under the provisions of chapter 12, article 2, Revised Statutes 1899, and had power to acquire lands, as prescribed by law, for railroad purposes only, and said tracts were taken, held and used by grantee for such purposes until the year 1918, when it ceased to operate its railway, abandoned its road and depot grounds and permitted its property to be sold at tax sale; that it had run no trains over the road from the year 1918 until the filing of the petition; that it had allowed its tracks and bridges to become out of repair and unfit for use and that by reason of such abandonment the lands had reverted to plaintiff as the owner of the servient estate.

The answer states that defendant Paul Frye was the owner of the property formerly owned by said railroad company; that the property had been sold for taxes; that said Frye had purchased it from the purchaser at said tax sale, and that he was in possession of all the property, including the land mentioned in the petition. The answer also is a general denial.

Evidence was introduced in support of the petition which tended to show that the defendant railway company had built a line of railroad three to four miles

in length connecting Oregon, the county seat of Holt county, with Forest City, its nearest railroad point on the line of the Chicago, Burlington & Quincy Railroad; that in 1918 the company ceased to operate the road actively, sold its engines and equipment and fuel on hand and thereafter ceased to care for its property, allowing it to be sold for taxes; that it failed and refused to pay its franchise tax to the State and allowed its depot and fences to go to rack and ruin and its right of way to grow up in weeds and sprouts; that the State had forfeited the charter of the company for failure to make return and pay its franchise tax; that the roadbed had become washed and excavated, the bridge rotten and weak and the track imbedded in the earth and washed over long distances; that no train had been run on the road since its abandonment.

The evidence further tended to show that just prior to the filing of the petition in this case the defendants went upon the land described therein, formerly used by the railroad company, and cut some large walnut trees. Plaintiff testified in his own behalf and on cross-examination stated that on March 23, 1910, he had deeded this land to his wife Anna E. Meyer, not a party to this suit; that he did not own any of the land when the suit was filed, nor on the date of the trial; that his wife Anna E. Meyer owned it at said times; that neither the plaintiff nor his wife was in possession of the land deeded to the railroad, as aforesaid; that it was occupied by the railroad for right of way and other purposes and was still occupied by said railroad. At this point in the trial the following took place:

"Mr. Tibbels: The defendant offers in evidence page 374 of book 141, deed records of Holt county, Missouri, the same being a record of a warranty deed from Charles E. Meyer to Anna E. Meyer, dated March 23, 1910. Said record above referred to is in words and figures, as follows to-wit: (Clerk will here please copy same.)

"Mr. Tibbels: That is all.

"The Court: If it is a fact this man's wife is the owner of that land, and he has conveyed it to her, we'd just as well stop this lawsuit now.

"Mr. Dungan: We don't know about that, your honor.

"Mr. Tibbels: Well, here is the deed.

"(Arguments here followed.)"

On redirect examination plaintiff testified that he and his wife lived together on the land (part of which was sold to the railroad company) as a homestead, and that "it is just an error there, of drawing the papers, that is all." Thereupon counsel for plaintiff stated to the court, as follows:

"Mr. Eastin: We desire to ask the court, in view of the relation that still must exist here between the owners of this property, to permit us to amend by making Mrs. Meyers a party, and alleging definitely the interests of the parties in this matter. We do not touch any question involved in this injunction by doing that. We simply carry on the suit originally begun, and put all the parties who are interested in it into the transaction. Perhaps if it hadn't been for the error, misunderstanding, or lack of information about the condition of this title at the time this suit was brought, it would have been better to make her a party. I think the safest course for us to follow in this case is to take leave to amend the petition by adding the wife as a party, and leave to describe their interests in the suit, so that the equitable relief we are seeking may be properly applied."

The court refused to permit the amendment to be made, and made a record entry quashing the temporary writ of injunction and dismissing plaintiff's petition. Motion for new trial was unavailing and plaintiff appeals.

The errors assigned are (1) that the court erred in refusing to permit plaintiff to amend his petition by

making Anna E. Meyer a party plaintiff; (2) in overruling the motion for a new trial; (3) in ruling that plaintiff had no right to maintain the action and in dismissing plaintiff's suit; (4) that the finding and decree of the court were against the law in that the plaintiff had the right to maintain the action without joining the wife as a party plaintiff.

Assignments of error numbered 2, 3 and 4 are all embraced within the first assignment, for the reason that if it shall be determined that the action of the court in overruling the proposed amendment was proper, the other questions automatically will be determined against plaintiff's contention.

We shall now consider plaintiff's charge that the court erred in refusing to permit the amendment of the petition by substituting Anna E. Meyer for Charles E. Meyer as party plaintiff. This contention is based upon the following provisions of section 1274, Revised Statutes 1919:

"The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting any other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved."

Many decisions are found in the books construing this statute and it has been held that the statute is liberal in regard to amendments and that the courts should be, at least, as liberal in such matters as the statute. Wright v. Groom, 246 Mo. 159, 151 S. W. 465; and the rule is to allow amendments, the exception to refuse them. [Corrigan v. Brady, 38 Mo. App. 649.] However this section does not authorize the court to add by way of amend-

ment the name of the only substantial plaintiff or defendant as that would be, in effect, the substitution of an entirely new suit by way of amendment, which may not be done. [Courtney v. Sheehy, 38 Mo. App. 290.] It has been held that under this statute a complete substitution of parties defendant or plaintiff will not be allowed. [Clements v. Greenwell, 40 Mo. App. 589; Hall v. School District, 36 Mo. App. 21; Sears v. Mortgage Loan Co., 56 Mo. App. 122; Jordan v. Railway Co., 105 Mo. App. 446, 79 S. W. 1155.]

An examination of plaintiff's citations shows that the matters therein discussed apply to cases where the addition of a party plaintiff or defendant is proper, such amendment not substantially changing the claim or defense. But in the case at bar it is clear that to have permitted the amendment would have been to change completely the name of the party plaintiff, and this may not be permitted under the statute. There is a logical reason for this rule having its source in the fact, as in the case at bar, that the husband not owning the property had no right of action, and there was nothing to amend. The action of the court in refusing to permit the amendment was proper.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.