CHARLES E. GILMORE v. CITY OF MANKATO AND OTHERS. NORTHERN STATES POWER COMPANY, APPELLANT.[1]

October 16, 1936.

No. 31,014.

[1]Reported in 269 N. W. 113.

A. *William Groth* and *Cyrus Erickson,* for appellant.

*Norman H. Nitzkowski* and *William Stradtmann,* for respondent City of Mankato.

HOLT, JUSTICE.

On the motion of the city of Mankato, one of the defendants, the court ordered the pleadings and proceedings amended so as to make the city a party plaintiff in place of a party defendant. The Northern States Power Company appeals from the order denying its motion to vacate said order transposing the city of Mankato from a defendant to a plaintiff.

Appellant is met by two objections, *viz.,* (a) that the order is nonappealable, and (b) that in any event the order making the transposition cannot now be disturbed because it was allowed to become a finality, 30 days having run since appellant was served with notice of its filing, without appealing therefrom.

Appellant contends that the order is "an order involving the merits of the action or some part thereof" and hence is appealable under 2 Mason Minn. St. 1927, § 9498(3). In order to understand the position of appellant, this outline of the cause of action and the proceedings, so far taken, should be given. The action is brought by the plaintiff, C. E. Gilmore, as a taxpayer and resident of the city of Mankato in his own behalf and in behalf of the other taxpayers and residents of the city, wherein the city of Mankato, appellant, and the attorney general of the state are parties defendants, to obtain a declaratory judgment, under 3 Mason Minn. St.

1934 Supp. §§ 9455-1 to 9455-16, adjudging void two franchise ordinances—Nos. 4 and 9—or in case their validity is established, to have them terminated within a reasonable time to be fixed by the court. Ordinance No. 4, in 1882, granted two persons the franchise to lay gas mains in the city streets and supply gas to it and to its inhabitants for light and heat for a term of ten years. In 1890 this ordinance was amended and extended by ordinance No. 9, wherein no time for its duration is stated. Defendant Northern States Power Company now holds and owns the rights granted by said two ordinances, and also the right to supply electric power, heat, and light to the city and its inhabitants under an ordinance not described or assailed in the pleadings. The city answered the complaint by admitting all its allegations and prayed that the declaratory judgment asked by plaintiff in respect to the two ordinances be rendered. Appellant demurred to the complaint on the grounds that it stated no cause of action and that plaintiff had not legal capacity to sue. After the demurrer was heard and submitted, the city of Mankato, on notice to all the parties, moved the court to amend the pleading and proceedings so as to make it a party plaintiff in place of a party defendant. On January 24, 1936, the court filed an order granting the motion of the city, and on the next day an order was filed sustaining the demurrer of appellant, on the sole ground that plaintiff had not the legal capacity to sue. The city gave appellant written notice of the filing of the order granting its motion to be made a party plaintiff in place of a party defendant. Before the expiration of 30 days from the notice, appellant made and submitted to the court its motion to vacate said order of substitution or transposition of the city from a party defendant to a party plaintiff, and now appeals from the order denying its motion to vacate.

We do not sustain the contention of the city that the order of substitution had become a finality so that the motion to vacate came too late. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, seems conclusive on that point. Moreover, the motion was made and submitted before the time to appeal from the order of substitution expired, so we think all the legal propositions available upon an

appeal from the order of substitution are available upon the appeal from the order refusing to vacate the same. United States R. & P. Co. Inc. v. Melin, 160 Minn. 530, 200 N. W. 807. Nor do we think appellant can urge any proposition upon an appeal from the order to vacate that could not have been urged with equal success on the appeal from the order of substitution, were that an appealable order. The city was not bound by the ruling upon appellant's demurrer, even if right. The fact that the order sustaining the demurrer was filed a day after the order of substitution ought not to be of any consequence. The high standing of the attorneys for the respondents and of the court forbids the thought of any design to entangle the cause so as to prevent appellant from removing it to the federal court, if possessed of such right. However, it must be admitted that the procedure here pursued does not commend itself. A complaint for a declaratory judgment concerning a municipal franchise ordinance presenting the two simple issues of (a) the power of the city council to grant the franchise, and (b) if such power was conferred by the city charter, the invalidity of the grant because of its unlimited duration, could certainly be adequately stated within the space of a couple of pages. Instead, we have a complaint, with exhibits attached as a part thereof, covering 68 printed pages of the record. It includes lengthy conflicting opinions of two different attorneys general of the state as to the validity of the two ordinances, a campaign speech and legal brief on the same subject of an unsuccessful candidate for the office of mayor of the city, also editorials in the leading newspaper of Mankato attacking the franchise, and much other immaterial and irrelevant matter in a pleading. It also appears that the plaintiff, Gilmore, was the city attorney the year previous to instituting the suit. So there is some excuse for appellant's suspicion that there was a scheme to prevent it from availing itself of some of its legal means of protecting its franchise.

Respondents raise the point that the order is not one "involving the merits of the action or some part thereof," and therefore not appealable. There has been no trial, and hence the merits of the cause of action have been neither considered nor determined. The

order appealed from does not present the question whether the complaint, the allegations of which the city by its answer admitted, states a cause of action. The amendment allowed by the court merely transposed a party defendant to a party plaintiff, over the objection of appellant (also a party defendant), on the authority of 2 Mason Minn. St. 1927, § 9280, which reads:

"The court, in furtherance of justice and upon proper terms, may amend any pleading, process, or proceeding, either before or after judgment, by adding or striking out the name of a party, by correcting a mistake in the name of a party or in any other particular, by inserting other material allegations, or, if the amendment does not substantially change the claim or defense, by conforming any pleading or proceeding to the facts proved."

1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 298, states that to be appealable under § 9498(3), "the order should be, in its effect, in the nature of a final judgment in the action, or at least a final determination of some material question involved therein. It must be something more than a mere ruling or intermediate order made in the course of the trial on a question of procedure." Minneapolis Trust Co. v. Menage, 66 Minn. 447, 69 N. W. 224; Swanson v. Alworth, 157 Minn. 312, 196 N. W. 260; Greber v. Harris, 167 Minn. 522, 209 N. W. 30; Seeling, Jr. v. Deposit B. & T. Co. 176 Minn. 11, 222 N. W. 295. Appellant does not directly controvert the proposition that an order permitting an amendment of a pleading by transposing a party defendant to a party plaintiff does not affect the merits of the cause of action. The allegations of the complaint as to the cause of action—the invalidity of the franchise ordinances of the city—remain exactly the same as before the amendment. The order leaves the issues precisely the same, as far as appellant is concerned, and does not determine the same to any degree. It seems to us that clearly it does not come under § 9498(3) and is not appealable.

Appellant does not question the rule that an order refusing to vacate a nonappealable order is not appealable; but contends that an exception is here created. It is the claim that when the court, the day after the transposition was effected, sustained appellant's

demurrer to plaintiff's complaint, the cause of action instituted by plaintiff Gilmore was gone. Hence, it is argued, something occurred, after the order of transposition was filed, which justified the motion to vacate the same, and that such motion raised a question of jurisdiction or power of the court to proceed; therefore the order denying the motion to vacate is appealable as affecting the merits of the cause of action. Both the city and appellant had been served with summons and were subject to the jurisdiction of the court. The decision on appellant's demurrer did not bind the city. It had no right to appeal from the order sustaining the same. We think the order transposing the city from a party defendant to a party plaintiff must be regarded in the same light as if no demurrer to the complaint by appellant had been interposed or determined.

Appellant relies principally upon these cases: Copeland v. Dixie Const. Co. 216 Ala. 257, 113 So. 82; Hallett v. Larcom, 5 Idaho, 492, 51 P. 108; Surace v. Pio, 112 Me. 496, 92 A. 621; Clark v. Anderson, 103 Me. 134, 68 A. 633; Meyer v. Oregon Interurban Ry. Co. 219 Mo. App. 360, 271 S. W. 865; Derek v. Elder, 63 N. D. 635, 249 N. W. 724. None of these cases involved the appealability of an order amending a complaint so as to make a party defendant duly served with summons a party plaintiff. Such order was attacked upon appeal from a judgment or upon an appeal from an order denying a new trial. Massachusetts, under a statute substantially no broader than our § 9280, holds it permissible to amend a proceeding or suit so as to substitute another party for the party plaintiff who instituted the action, the cause of action remaining the same, against the defendant objecting, as when brought. Attorney General v. Henry, 262 Mass. 127, 159 N. E. 539, where prior decisions of that state on the subject are cited. See also Liggett v. Ladd, 23 Or. 26, 31 P. 81.

We think the order amending the proceeding and complaint so as to transpose the city on its own motion from a party defendant to a party plaintiff was a nonappealable order, and such also is the order denying the motion to vacate a nonappealable order. We do not reach the question whether or not the court rightly refused

to vacate the order of transposition or whether the court rightly permitted the amendment.

The appeal is dismissed.