Lula G. Crook, *Agent, etc. v.* Nellie Ferguson

(No. 9211)

Submitted September 4, 1941.  Decided September 23, 1941.

*Thomas West,* for plaintiff in error.
*W. C. Perry,* for defendant in error.

Riley, Judge:

Nellie Ferguson prosecutes error to an order of the Circuit Court of Cabell County refusing a writ of error to a judgment of the common pleas court against her for $323.60, based on an instructed verdict, in an action of unlawful entry and detainer originally instituted before a justice of the peace of said county, wherein Lula G. Crook, agent for Sue E. Madden, was plaintiff, and plaintiff in error was defendant.

This action was instituted by Lula G. Crook, rental agent for Sue E. Madden, to recover possession of property in Huntington, West Virginia, owned by plaintiff's

said principal, and leased by plaintiff as agent to the defendant, Nellie Ferguson, and for recovery of damages for the alleged wrongful detention of said property. Shortly before the institution of this action the property in question was conveyed by the owner to two persons by the name of Tate. This record discloses that plaintiff was simply a rental agent. She had no interest in or title to the property as trustee, tenant, or otherwise. At the close of plaintiff's evidence both parties rested, and the common pleas court upon plaintiff's motion directed a verdict for the amount of rent due.

The controlling question with which we are met at the very threshold in the consideration of this case is whether plaintiff, being a mere agent authorized simply to rent the property and having no interest in or title to the subject matter in controversy, can maintain this action in her own name and as the owner's agent. This question we must answer in the negative. This is in accordance with the weight of American authority. *Tavenner* v. *Barrett*, 21 W. Va. 656, points 1 and 2 of the syllabus; *Jones* v. *Hart's Executors*, 1 Hen. & M. 470; *Chatfield* v. *Clark*, 123 Ga. 867, 51 S. E. 743; *Davis Avenue Railroad Co.* v. *Mallon*, 57 Ala. 168; 8 Standard Encyc. of Proc. 1099. The defect, we think, is jurisdictional and fatal. It can not be cured either by joining the principal as co-plaintiff or substituting her as sole plaintiff. Where suit or action is brought by a party having no interest in the subject matter, it is of no avail for any purpose. *Jones* v. *Comr.*, 123 W. Va. 129, 13 S. E. (2d) 578; and, notwithstanding Code, 56-4-34, providing for the non-abatement of actions and suits for misjoinder and non-joinder of parties plaintiff and defendant, there can be no amendment as to parties which will result in a complete change of plaintiffs or defendants. *Derek* v. *Elder*, 63 N. D. 635, 249 N. W. 724; *Gibbs* v. *Rhodes Furniture Co.*, 58 Ga. App. 352, 198 S. E. 315; *Clark, City Treasurer* v. *Anderson*, 103 Maine 134, 68 Atl. 633; *Vinegar Bend Lumber Co.* v. *Chicago Title & Trust Co.*, 131 Ala. 411, 30 So. 776; *Copeland* v. *Dixie Const. Co.*, 216 Ala. 257, 113 So. 82; *Deason* v. *Alpine Coal Co.*, 22 Ala. App. 254, 114 So. 423; *Mosaic*

492

*Templars of America* v. *Flanagan,* 22 Ala. App. 377, 115 So. 860; *Birmingham Gas Co.* v. *Sanford,* 226 Ala. 129, 145 So. 485; *McDonald* v. *Crawford,* 28 Ala. App. 163, 180 So. 130; *McKelvey-Coates Furniture Co.* v. *Doe,* 240 Ala. 135, 198 So. 128.

Under the circumstances, the other questions raised by counsel for plaintiff in error are moot, and will not be decided on this writ of error.

We therefore reverse the order of the circuit court and the judgment of the common pleas court, set aside the verdict of the jury, and dismiss this action without prejudice to the said Sue E. Madden to take such action as she may be advised.

*Reversed; verdict set aside;*
*action dismissed without prejudice.*